**COHEN, Plaintiff-Appellee, v. I. B. GOODMAN MFG. CO., Defendant-Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6988.  Decided October 25, 1948.

Paxton & Seasongood, J. Griffin Murphey, Jr., Cincinnati, for plaintiff-appellee.

Harry Kasfir, Joseph H. Hoodin, Arthur R. Heckerman, S. Arthur Spiegel, Cincinnati, for defendant-appellant.

**OPINION**

By HILDEBRANT, PJ.:

Appeal on questions of law from a money judgment for plaintiff for commissions earned under an oral contract of employ-

ment as a salesman for defendant, a manufacturing jeweler, which lasted from January 1, 1941 to June, 1946.

The total amount of sales is agreed upon, as is the total amount of money paid to plaintiff by defendant, so that the sole dispute between the parties is as to the rates of commission agreed upon, which varied on four classifications of business according to the four different discounts given, which were 25%, 20%—10% and 6% and net, or no discount 3%.

Plaintiff claims that the agreement was altered by the parties so from January 1, 1945 his computation shows a flat rate of 10% commission on all classes of business after January 1, 1945 until the employment terminated on May 31st, 1946. Illustrative of the rival claims and computations is stipulated Exhibit A, set forth below:

"SALES DISCOUNTS.

| YEAR | 25% | 20% | 10% & 6% | NET |
|---|---|---|---|---|
| 1941 | $ 35,367.92 | $ 9,142.88 | $4,575.53 | $14,914.39 |
| 1942 | 44,093.83 | 18,082.34 | 1,017.74 | 20,247.23 |
| 1943 | 65,245.83 | 8,187.48 | 823.72 | 4,221.56 |
| 1944 | 36,239.65 | 36,197.81 | 1,092.41 | 3,947.78 |
| | $180,947.23 | $71,610.51 | $7,509.40 | $43,330.96 |

Cohen-10%     Cohen-12½%     Cohen-15%     Cohen-10%
Goodman-5%     Goodman-8½%     Goodman-10%     Goodman-3%
                    Cohen          $32,505.53
                    Goodman        $17,185.12

| 1945 | $33,699.92 | $27,974.44 | $1,253.79 | $4,447.73 |
| 1945 | $17,756.71 | $11,620.00 | $ 53.72 | $ 525.20 |
| | $51,456.63 | $39,594.44 | $1,307.51 | $4,972.93 |
| | | | | $97,331.51 |

Cohen-10%     Cohen-10%     Cohen-10%     Cohen-10%
Goodman-5%     Goodman-8½%     Goodman-10%     Goodman-3%
                    Cohen          $9,733.15
                    Goodman        $6,218.30

H. C. PAID          $33,613.73          **GOODMAN**
H. C. CLAIMS                            H. C. PAID          $33,613.73
        EARNED      $42,238.68          H. C. EARNED       $23,403.42
H. C. PAID          $33,613.73
                                        GOODMAN
H. C. CLAIMS        $ 8,624.95          CLAIMS             $10,210.31"

Obviously, the last year should be 1946.

The only persons who knew the agreed rates of commission were the plaintiff and I. B. Goodman, President of defendant company, and they were the only witnesses who testified as to the rates set forth in the rival claims appearing by stipulated Exhibit A. It is, therefore, apparent that the problems for the jury in determining in truth and in fact just what rates were agreed upon for the four classes of business it is remitted almost solely to a minute scrutiny and analysis of the testimony of the plaintiff and I. B. Goodman. The choice then must necessarily rest on considerations of credibility, correctness of memory, and authenticity of record evidence.

Throughout the record certain inconsistencies in plaintiff's claims as to the rates appear. For example, his Exhibit I, consisting of notations as to the rates which he testified were made at the time the oral contract of employment was agreed upon, shows his claimed rates as to only three classifications of business. Omitting any notation as to the fourth or net class. Again, in plaintiff's Exhibit 19, he states, and, again, only as to three classes of business:

"I have the original figures of the amount of commission paid, which you gave me when I started with you. I have same on your own stationery; also have witnesses of the amount of commissions which were paid to me, and this is what they were to be: On 25%, 10% commission; on 20%, 10% commission, on 10 and 6, 12% commission, and I am certainly going to hold you to that agreement."

If his recollection on September 19, 1946, as set forth in the letter, constituting Exhibit 19 is correct, the computation would be appreciably different from that appearing in Stipulated Exhibit A, at the time of trial.

In his letter of July 10, 1946, plaintiff's Exhibit 12, the plaintiff claims to have commissions due of $6,600.00, and states:

"Inasmuch as I have not received a final statement from you, I would like to call your attention that I still have commissions due of $6,600.00. This covers the period from January 1st, 1941 to January 1st, 1946, and also commissions on all orders sold which you accepted for the year 1946."

This figure obviously had to be computed at rates different from those set forth by plaintiff in Stipulated Exhibit A. The plaintiff further testified that the flat rate commission

of 10% became effective in March of 1944, rather than January 1, 1945, as shown by Stipulated Exhibit A.

Error is assigned to the following portion of the charge of the Court, to-wit:

"The court instructs you that the figure, the ultimate figure that you will award, if you so award a figure, must be either one figure or another and that the amounts involved are not divisible. The amounts in the different classifications have been totaled for your benefit and the question is was it 10 per cent in the first column there or was it 5 per cent, and so on down the line. There is no disagreement as to the amounts involved, so that if you find for the plaintiff in this case you will find for $8624.95."

It is claimed the above charge invades the province of the jury to weigh the conflicting evidence given by plaintiff himself and requiring any verdict for him to be at his highest claim, and excluded the possibility of finding plaintiff correct as to some rates and Goodman correct as to others, and nullifying that portion of the charge, wherein the court correctly informed the jury of its power to believe all, part, or none of the testimony.

The court finds the objection to the charge above stated to be valid, and that the charge is prejudicially erroneous, as an invasion of the province of the jury. The syllabus in **Painesville Theatre Co. v. Lautermilch, 118 Oh St, 167**, states:

"Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weight such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade the province of the jury."

By limiting a finding for plaintiff to the one computation, shown in Stipulated Exhibit A, the charge was effective to nullify the correct portion of the charge, informing the jury of its right to believe part and disbelieve part of any witness' testimony, and, therefore, misleading and prejudicial, as held in **Bosjnak v. Superior Steel Co., 145 Oh St, 538**, wherein it is stated in the fifth paragraph of the syllabus:

"Generally, where, in instructing the jury, the court states a correct rule or principle of law and also states an incorrect rule or principle of law with reference to the same subject matter, no presumption arises that the correct rule was applied by the jury in consideration of the issue presented, and the error in giving the incorrect rule will be deemed prejudicial."

It is argued that the charge is correct in limiting the amount to the computation appearing in Stipulated Exhibit A, in event of a finding generally for plaintiff, by reason of the Stipulated Exhibit itself, and that any other charge would be going behind the stipulation. If that position be tenable, the sole issue of the rates would disappear from the case. As the court regards the stipulation, made for the simplification of the issues, by eliminating any dispute as to total sales and total payments to plaintiff, as an aid to court and jury, the only things agreed upon as facts were total sales and total payments to plaintiff—leaving the rates set forth as rival claims as of time of trial to be proven on trial. This view is substantiated in the record when the trial court stated to the jury:

"Members of the jury, you will understand now that the figures you see on the board are agreed between the parties as being the sales made by Mr. Cohen for the Goodman Company during the years which they reveal on the board, so there is no dispute about those figures in so far as they apply to the amount of sales made. Now, the other figures are explanatory."

For the reasons given, the judgment is reversed, and the cause remanded to the Court of Common Pleas for further proceedings according to law.

No further error, prejudicial to appellant, appears in the record.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.