KALISH, APPELLANT, *v.* TRANS WORLD AIRLINES, INC., APPELLEE.

(No. 76-753—Decided May 11, 1977.)

74

*Messrs. Sebastian, Marsh & Redmond* and *Mr. Rick E. Marsh,* for appellant.

*Messrs. Gallagher, Sharp, Fulton, Norman & Mollison, Mr. Burt Fulton, Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. Charles E. Brown,* for appellee.

LOCHER, J.

I.

Central to the facts of this case is what is known, in airline industry parlance, as overbooking. At the root of

this practice are two adverse designs: airline profit and passenger convenience. First, the most economical method to operate an airline is to assure the maximum number of passengers on a flight. Second, consumer flexibility in reservations produces last-minute cancellations and "no-shows," resulting in empty seats, lost revenue and a denial of passage to other prospective passengers.[1]

In response to the problem, the airline industry attempts to statistically determine the number of cancellations and "no-shows" per flight and overbooks accordingly. The Utopian goals are the maximization of profit and the accommodation of passengers, who otherwise could not make the flight. However, like so many elusive dreams, the practice of overbooking falls prey to human imperfections and unpredictability. The end result is that certain passengers with confirmed reservations are denied boarding or, in the colloquial, are "bumped."

## II.

Appellant, in his first proposition of law, asserts that, when a ticketed airline passenger is denied boarding and the airline fails to present evidence to establish that the denied boarding was consistent with its priority rules under Section 1374(b), Title 49, U. S. Code, such a passenger is entitled to punitive and compensatory damages. Appellee counters, arguing that appellant having proceeded under a state cause of action can not now urge for the first time a federal cause of action. Thus, before the merits of appellant's proposition may be considered, it is necessary to determine the propriety of appellant's presentment of a federal cause of action.

Federal decisions recognize that the "bumped" passenger has both a state and federal cause of action. *Nader* v. *Allegheny Airlines* (1976), 426 U. S. 290; *Wills* v. *Trans World Airlines* (S. D. Cal. 1961), 200 F. Supp. 360. The private federal cause of action is created by a violation of

[1]Steck, Bumping & Baggage Loss—Two Aspects of Airline Liability, 9 The Forum 779.

Section 404(b) of the Federal Aviation Act of 1958, Section 1374(b), Title 49, U. S. Code (1970). Section 1374(b) reads, in relevant part:

"No air carrier * * * shall make, give, or cause any undue or unreasonable preference or advantage to any particular person * * * in any respect whatsoever or subject any particular person * * * to any unjust discrimination or any undue or unreasonable prejudice or disadvantage in any respect whatsoever."

Thus, the federal cause of action arises not by "bumping" *per se*, but by a violation of Section 1374(b), *i. e.*, the defendant airlines unjustly and unreasonably discriminated against the "bumped" passenger. *Fitzgerald* v. *Pan American World Airways* (C. A. 2, 1956), 229 F. 2d 499. In describing the basis of this private federal cause of action, the District Court, in *Mortimer* v. *Delta Air Lines* (1969), 302 F. Supp. 276, 281, stated:

"* * * First the basis of this action is not breach of contract of carriage, which is the basis of denied boarding compensation, but rather violation of the antidiscrimination and preference section of the Federal Aviation Act. * * *

"* * * The civil action that was recognized in *Fitzgerald* v. *Pan American World Airways, supra, Wills* v. *Trans World Airlines, supra,* and which is recognized here permits recovery for a violation of 49 U. S. C. Section 1374(b). * * * It provides redress for injury caused by discrimination, disadvantage or undue preferences whether racially, religiously or economically motivated or that results from the carrier's disregard of its own priority rules * * *.

"In order to succeed in an action under this section *it must be alleged,* as it is here, and proven *that the plaintiff's right to fair, equal and non-discriminatory treatment has been violated.*" (Emphasis added.)

A brief summary of other "bumping" cases wherein the federal cause of action was raised reveals the nature of the allegations therein.

"Plaintiff brings this action under Section 404(b) of

the Civil Aeronautics Act of 1938 [49 U. S. C. A. Section 484(b) as amended, *id.* Section 1374(b) (1958)], alleging that unjust discrimination and undue preference was visited upon him as a prospective passenger aboard one of defendant's aircraft. * * *" *Wills* v. *TWA, supra,* at page 361. (Bracketed material *sic*).

"* * * Appellees claimed that the incident gave rise to a private damage remedy for unjust discrimination under Section 404(b) of the Federal Aviation Act of 1958, 49 U. S. C. Section 1374(b) * * *." *Nader* v. *Allegheny Airlines* (1975), 512 F. 2d 527, reversed on other grounds, 426 U; S. 290.

"Plaintiffs * * * brought suit against defendant, North Central Airlines, Inc., charging that defendant (1) by wrongfully refusing to transport them * * * was guilty of giving or causing undue and unreasonable preference or advantage to other passengers contrary to Section 484(b) of the Civil Aeronautics Act of 1938 * * *." *Stough* v. *North Central Airlines* (1965), 55 Ill. App. 2d 338, 339, 204 N. E: 2d 792.

Ohio Civ. R. 8 reads, in pertinent part:

"A pleading which sets forth a claim of relief * * * shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief * * *."

Appellant's complaint in the case *sub judice* plainly does not allege a federal cause of action. The record fails to reveal in any manner a claim showing that appellant is entitled to relief because appellee by disregarding appellant's priority unjustly and unreasonably discriminated against him in violation of Section 1374(b), Title 49, U. S. Code. Appellant, having elected to proceed under a state law, may not for the first time raise before this court a federal cause of action. See *State, ex rel. Masterson,* v. *Ohio State Racing Comm.* (1954), 162 Ohio St. 366. Having determined the impropriety of the presentment of appellant's first proposition of law, no discussion of its merits is warranted.

Arguing that it is a defense to being a trespasser under

Title 18, Section 3503 of the Consolidated Pennsylvania Statutes, if a person "reasonably believed" that he was licensed to be in the premises, appellant asserts that the trial court erred in deciding, as a matter of law, that he was a trespasser and, therefore, he was neither falsely arrested nor falsely imprisoned.

The evidence presented during the trial demonstrated that appellant had a personal knowledge of the existence of the practice of overbooking by various airlines. Furthermore, although denying that he was cognizant of the necessity of a boarding pass to board the aircraft, appellant testified that he stood in line at the boarding gate for a period of time. Only after hearing murmurings that all the seats on the aircraft were occupied, did appellant decide to circumvent those persons standing in line and present his ticket to appellee's agent at the boarding gate, wherein appellant was informed that there were no vacant seats on the aircraft. Appellant then proceeded on his own initiative to board the flight for which he possessed a ticket. After traversing the entire length of the plane and finding no available seat, appellant encountered appellee's stewardess, who informed him that all seats were occupied and twice requested him to leave the aircraft. In all, appellant was asked seven times to leave the plane. Remaining adamant in his refusal, appellant was arrested and escorted from the plane, after delaying the craft's departure by approximately 25 minutes.

In reviewing the correctness of the directed verdict, pursuant to Civ. R. 50(A)(4),[2] the issue for our determination is the reasonableness of the trial court's finding. Up-

---

[2]Civ. R. 50(A)(4) states:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue,"

on consideration of the evidence, we conclude that appellant's second proposition of law is without merit.

Furthermore, recalling the legal doctrine previously reiterated that this court will not consider a question not presented, considered or decided by a lower court, it is contradictory for appellant to have asserted in the Court of Appeals that appellee erred in neglecting to include during the trial that portion of the Consolidated Pennsylvania Statutes, Section 3503 of Title 18, containing the defense to trespassing, which defense appellant now urges this court to consider.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CELEBREZZE, W. BROWN and SWEENEY, JJ., concur.

HERBERT and P. BROWN, JJ., dissent.

HERBERT, J., dissenting. It seems to me that where a common carrier deliberately oversells its capacity and still represents to a ticket purchaser that he has a confirmed reservation, the carrier has consciously acted in reckless disregard of the purchaser's rights.

The instant appellee at no time warned appellant that he might not really have a confirmed reservation, all the while expressly leading him to believe that he did. This situation persisted even to the point that his baggage was put aboard while he waited to receive his seat allocation.

At the time of this occurrence, most travelers would have agreed that a confirmed reservation meant space on the carrier, for both passenger and baggage. The unannounced first-come-first-served policy practiced by the carrier was directly contrary to the accepted import of its entire approach to selling tickets. Purchasers were constantly urged to seek confirmed reservations, the longer before flight-time the better. The ominous specter of being

80

left at the gate was the represented alternative. In no way was any warning ever given that a confirmed reservation was not only no protection whatsoever against being left at the same gate, it actually was an invitation to added discomfiture since, with a reservation, the ticket-holder's baggage would be sent on without him.

The facts of this case, plus the legal posture concerning the federal statute, may not present the most appropriate vehicle for resolution of the important basic issue involved. However, I disagree that an appellate court may never consider the application of a federal statute first raised before it, and disagree with the majority's apparent conclusion that appellant had no valid cause of action for any damages other than the expense of a night's lodging in a motel.

P. Brown, J., concurs in the foregoing dissenting opinion.