EDGAR ET AL., APPELLEES, *v.* HINES ET AL.; RYMER, [AUDITOR,] APPELLEE; MCBRIDE, APPELLANT.

(No. CA86-08-053 — Decided February 17, 1987.)

---

[5] Crim. R. 7(D) prohibits any amendment or change in the indictment which changes the name or identity of the charged crime.

24

*Charles Mullenix*, for appellee Thomas R. Edgar et al.

*James Shriver*, for Harvey Hines et al.

*Ralph Hill*, for appellee James Rymer.

*Marshall McCachran*, for appellant Christine McBride.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

On November 2, 1978, the Clermont County Board of Commissioners adopted a resolution which authorized defendant-appellant, Christine McBride, to construct a sewer line extension on Orland Road in Clermont County. The commissioners also authorized reimbursement to appellant by other abutting property owners for the construction cost as provided by R.C. 307.73.

Plaintiffs-appellees, property owners on Orland Road, were notified in July 1984 by the Clermont County General Health Division to abandon their present sewage disposal system and connect their property to the new sewer extension line. The notice also informed appellees that, in order to connect to the sewer extension, they would have to pay a connection fee to reimburse appellant for construction of the sewer line.

Appellees brought this action seeking declaratory relief and seeking to enjoin the county from forcing them to connect to the new sewer line. Appellees then filed a motion for partial summary judgment as to count one of their complaint regarding the reimbursement of appellant. James Rymer, Auditor of Clermont County who was joined as a defendant in the action, also filed a motion for summary judgment requesting that he be dismissed as a party-defendant. The trial court granted both motions for summary judgment.

From this ruling, appellant timely filed this appeal asserting the following assignments of error:

Assignment of Error No. 1:
"The trial court erred in that it did not construe the evidence most strongly in favor of defendant-appellant."

Assignment of Error No. 2:
"The trial court erred by failing to consider the fact that the granting of the motions for summary judgment would result in the unjust enrichment of plaintiffs."

Assignment of Error No. 3:
"The trial court erred in dismissing from the action the Clermont County Auditor."

Assignment of Error No. 4:
"The trial court erred in granting plaintiffs' motion as to the first count in that this action was not brought within two years after the cause accrued."

The first, second and fourth assignments of error all relate to whether partial summary judgment was properly granted in favor of the property owners. Therefore, they will be considered together.

A trial court properly grants a motion for summary judgment upon determination that: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple* v. *Wean United, Inc.* (1977), 50

Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274. See Civ. R. 56(C).

Appellees argue that partial summary judgment was proper because appellant did not follow the statutory procedure for giving notice to the county auditor of the resolution of the county commissioners as required by R.C. 307.73. Appellees contend that as a result of this omission, they had no actual knowledge of the action of the commissioners. Appellant, on the other hand, contends that summary judgment was improper because evidence before the trial court showed appellees had actual notice of the sewer reimbursement fee.

Under R.C. 307.73, the following constitutes "constructive" notice for requiring property owners to reimburse a private party for construction of a sewer line:

"A copy of the resolution granting permission to construct water or sewer lines and authorizing the collection of a prorated share shall be filed by the applicant with the county auditor, who shall keep an index by location of all such resolutions. The filing of such resolution constitutes constructive notice thereof. The county auditor shall charge a fee of one dollar for each resolution filed. No non-participant shall be required to pay the prorated share of the cost of such improvement permitted by a resolution adopted after the effective date of this section without such notice."

The record shows that the resolution was neither properly filed nor indexed as required by R.C. 307.73. Therefore, there was no constructive notice of the charge for construction of the sewer. Appellant, however, introduced evidence that tended to establish appellees had actual notice of the charge. Appellees offered the affidavit of only one of the property owners disputing actual notice.

Constructive notice is notice implied by law; it is regarded as a substitute for actual notice. See *Cambridge Production Credit Assn.* v. *Patrick* (1942), 140 Ohio St. 521, 24 O.O. 546, 45 N.E. 2d 751; *In re Estate of Fahle* (1950), 90 Ohio App. 195, 47 O.O. 231, 105 N.E. 2d 429. Therefore, constructive notice is not necessary if a party receives actual notice.

Construing the record in a light most favorable to appellant, this court finds that a genuine issue of fact exists as to whether appellees had actual notice of the charge for construction of the sewer. Accordingly, the first assignment of error is sustained.

As to the second assignment of error, appellant speculates that the trial court did not consider the theory of unjust enrichment when granting partial summary judgment. The judgment order of the trial court does not outline the basis for its decision, and neither party filed a motion requesting separate findings of fact and conclusions of law.

As a general rule, to warrant reversal the record must affirmatively show that an error occurred and that such error was prejudicial to the party seeking reversal. *Picklesimer* v. *Van Orr Foods, Inc.* (Apr. 16, 1984), Fayette App. No. CA83-09-021, unreported, citing *Smith* v. *Flesher* (1967), 12 Ohio St. 2d 107, 41 O.O. 2d 412, 233 N.E. 2d 137. As nothing in the record supports the contention that the trial court did not consider the theory of unjust enrichment, appellant has failed to affirmatively point out any error. Therefore, this assignment of error is overruled.

Appellant also argues that partial summary judgment was improper because the statute of limitations had run on the action. This issue has not

previously been raised in the pleadings or motions of appellant.

It is well-settled that a reviewing court will not consider a question not presented, considered or decided by a lower court. *Kalish* v. *Trans World Airlines* (1977), 50 Ohio St. 2d 73, 79, 4 O.O. 3d 195, 198, 362 N.E. 2d 994, 998. Having determined that this issue is not properly before this court, we need not discuss its merits. The fourth assignment of error is therefore overruled.

The third assignment of error asserts that it was error to grant summary judgment in favor of appellee Rymer, thereby dismissing him from the action.

The facts surrounding this issue appear to be undisputed. While Rymer did receive a copy of the resolution from the county commissioners as part of the auditor's office procedure, appellant did not file the resolution with the auditor. R.C. 307.73 requires an applicant to file the resolution with the county auditor before the auditor has a duty to index the resolution. Since this statutory procedure was not followed, appellee Rymer was under no obligation to index the resolution.

The trial court therefore properly granted summary judgment in favor of appellee Rymer. The third assignment of error is accordingly overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.