### Kinty v. Main Mold
### Case No. 2518
### Wayne County, (9th)
### Decided February 28, 1990
[Cite as 1 AOA 326]

*Shawn F. Kenney, Attorney at Law, 209 S. Canal St., P. O. Box 571, Canal Fulton, OH 44614 for Plaintiff.*

*Stephen P. Leiby, Attorney at Law, I Cascade Plaza, #1220, Akron, OH 44308 for Defendants.*

QUILLIN, P. J.

The issue presented in this appeal is whether an employee-sales representative is entitled to commissions on sales which are not completed until after he terminates his employment. Because we hold that the employee is so entitled when he substantially performs, we affirm.

In April 1986, Lyle Kinty was employed as a sales representative to solicit accounts for Main Mold, Inc. ("Main Mold") and International Mold, Inc. Kinty was to receive $35,000 as a base salary with 5% commission on sales. In June 1988, International Mold, Inc. began experiencing serious financial difficulties. Walter Wilsford and Ed Sollenberger met with Kinty and told him that the company could no longer afford to pay his base salary. Instead, Kinty was offered the same position on a straight commission basis. Finding this offer unacceptable, Kinty terminated his employment. On his complaint for breach of contract the trial court determined that Kinty substantially performed and therefore was entitled to $6,644.36 in sales commissions.

### ASSIGNMENT OF ERROR I

"The trial court erred in awarding a commission to Appellant's agent where the subject sale was made subsequent to termination or abandonment of the agency by the Appellee agent and where the conditions precedent to payment had not been fulfilled."

Main Mold contends that once Kinty terminated his employment, Kinty was no longer entitled to his 5% commission on the Evenflo sales which Kinty was negotiating when he terminated his employment with Main Mold.

The payment of commissions to an employee is primarily dependent upon the contract between the employer and employee. See *Cohen* v. *I.B. Goodman Mfg. Co.* (1948), 85 Ohio App. 85. There is no written employment agreement in this instance. However, both Walter Wilsford, the president of Main Mold, and Kinty testified that the 5% commission was to be paid upon receipt of the money by the company, which was usually the day following the day the company received the money. Kinty testified that he believed he was to receive commissions for projects sold up to six months after he left the company. Wilsford testified that this was not the case.

In this instance, whether the parties had agreed to pay Kinty until six months after he left, is a factual issue. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, paragraph one of the syllabus. Kinty left Main Mold on June 27, 1988, the sales made to Evenflo were made on October 4, 1988. Accordingly, the trial court could reasonably conclude that because the sale occurred within the six months, that Kinty was entitled to his 5% commission on the Evenflo sales.

Main Mold also contends that Kinty failed to monitor the progress of the molds, assure the customer's satisfaction, resolve any customer problems, act as a liaison between the customer and Main Mold, follow up and quote any revision prices, and travel if necessary. Accordingly, Main Mold contends that Kinty was not entitled to the 5% commission because these were conditions precedent to payment of the commission.

Kinty testified that the sale occurred when the company received the purchase order from the customer. He also testified that he would continue to assist the customer by following up on the order, inquire as to customer satisfaction and revisions. Kinty stated that he followed up in this manner because he believed that it would increase sales to the same customers in the future and because that was the reason that he received a salary. Walter Wilsford, Main Mold's president testified that the sale was not complete until the mold was completed and shipped to the customer.

Wilsford also testified that he had to complete some of these additional duties once Kinty left. However, we cannot say that the trial court erred in determining that the sale was substantially complete before all the follow-up work occurred.

The assignment of error is overruled.

### ASSIGNMENT OF ERROR II

"The trial court erred in awarding commissions on sales made by Appellant's agent where the Appellee agent failed to perform each element of the contract and where a condition precedent to the payment of the commissions had not been proved."

Main Mold contends that because Kinty failed to prove that the Greenleaf, Wyn, and Jackson accounts had been paid in full, Kinty was not entitled to payment. We disagree.

As an appellate court, we generally will not

consider a question which has not been presented, considered or decided by the lower court. *Kalish* v. *TransWorld Airlines* (1977), 50 Ohio St. 2d 73, 79. Main Mold's theory of the case rested on the defense that Kinty failed to perform the conditions precedent to payment. Main Mold never raised the issue before the trial court that Kinty failed to prove that the accounts were fully paid by the customers. Moreover, because we have determined that whether Kinty completed the conditions necessary for payment is a question of fact, we cannot say that the trial court erred in determining that Kinty had substantially completed his duties.

The assignment of error is overruled.

### KINTY'S CROSS-ASSIGNMENT OF ERROR

"The trial court erred in denying Appellee compensation for his efforts in selling the $219,000.00 Joy-rider mold to the Even Flo Company, as Appellee had substantially performed his sales contract or in the alternative, had performed sufficient services to receive a fee under the theory of quantum meruit."

Because Kinty's cross-appeal was dismissed for failure to timely file the notice of appeal pursuant to App. R. 4 in *Kinty* v. *Main Mold, Inc.* (Dec. 27, 1989), Wayne App. No. 2527, this assignment of error is not properly before this court.

The judgment is affirmed.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution. Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

CACIOPPO, J., CIRIGLIANO, J., Concur