OPINION
On November 2, 1994, Philip T. Smith was a passenger in a nonemergency ambulance driven by defendant-appellee, Donald E. Harris. Harris was transporting Smith from Christ Hospital in Cincinnati, Ohio to a nursing home in Wilmington, Ohio via northbound Interstate Route 71. At mile marker 41, the ambulance left the highway, overturned, and came to rest on its side in a ditch. Rescue workers removed Smith from the ambulance and took him to a local hospital. A few hours later he was pronounced dead due to "multiple bodily traumata" from the accident.
Plaintiff-appellant, Rosalie M. Smith, executrix of Philip Smith's estate, sued Harris alleging negligence in his operation of the ambulance. Bryan S. Chomyszak, the attendant in the rear of the ambulance and Ambulance Network, Inc., the service provider, doing business as Shoemaker Ambulance, Inc. ("Ambulance Network"), were also named as defendants. A jury trial began on May 5, 1997. Following the plaintiff's case-in-chief, defendants' counsel moved for a directed verdict. The trial court granted the motion as to Harris and Ambulance Network, and denied it as to Chomyszak and Ambulance Network. The jury found in favor of Chomyszak and Ambulance Network, however, and judgment was entered in favor of all four defendants. Smith appealed the trial court's judgment as to Donald Harris only.
In a single assignment of error, appellant contends that the trial court erred in granting Harris' motion for a directed verdict. Appellant argues that there was sufficient evidence presented at trial to establish that Harris was negligent in his operation of the ambulance and, therefore, the trial court should have submitted this issue to the jury. For the following reasons, we affirm.
A directed verdict is proper when the trial court, after construing the evidence most strongly in favor of the nonmoving party, finds that on a determinative issue "reasonable minds could come to but one conclusion upon the evidence submitted," and that conclusion is adverse to the nonmoving party. Civ.R. 50(A)(4). This "reasonable minds" test requires the court to decide only whether there is any "evidence of substantial, probative value in support of the party's claim." Ruta v. Breckenridge-Remy (1982),69 Ohio St.2d 66, 69. The trial court should withhold an essential issue from the jury when there is insufficient evidence to permit reasonable minds to reach different conclusions on that issue. O'Day v. Webb (1972), 29 Ohio St.2d 215, 222.
To establish actionable negligence, a plaintiff must show the existence of a duty, breach of that duty, and injury proximately resulting from the breach. Strother v. Hutchinson (1981), 67 Ohio St.2d 282,285. At trial, the evidence of Harris' negligence consisted entirely of the testimony of Ohio State Trooper Tim Patton. Patton testified that he spoke briefly with Harris at the accident scene and asked him what happened. Harris replied, "I don't recall. I do not know what happened." The next day, Patton spoke with Harris on the telephone and again asked him what happened. Harris told Patton that all he could remember was a "blur" from his left-hand side.
Appellant claims that the above testimony shows that Harris was "either inattentive, falling asleep or distracted" while driving and that he breached his duty of ordinary care and "failed to maintain a proper lookout." While that may be possible, we cannot help but observe that there is no evidence to support these speculations by appellant. Proof of possibility is not sufficient to establish a fact. Zoldak v. Kettering (Dec. 23, 1983), Cuyahoga App. No. 64549, unreported at 3, citing Drew v. Indus. Comm. (1940), 28 Ohio St.3d 499, 501.
An appellate court's review of the granting of a directed verdict is limited to a review of the reasonableness of the trial court's determination. Long v. Bank One (Feb. 26, 1985), Clermont App. No. CA84-08-055, unreported, at 5, citing Kalish v. Trans World Airlines, Inc. (1977), 50 Ohio St.2d 73. The trial court granted Harris' motion for a directed verdict finding that reasonable minds could not infer Harris' negligence solely from Patton's testimony. Having considered the record thoroughly, we find no error in this regard. Appellant did not introduce sufficient competent evidence at trial to establish that Harris was negligent; therefore, the trial court's decision granting Harris' motion for directed verdict was reasonable.
The assignment of error is overruled and the judgment of the trial court is affirmed.
POWELL, P.J., concurs.
KOEHLER, J., dissents.