[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is brought by Floyd A. Meyers and Rita A. Meyers ("appellants") from a judgment of the Seneca County Court of Common Pleas granting summary judgment for specific performance of the parties' real estate purchase contract in favor of Richard L. Fletcher and Deborah D. Fletcher ("appellees").
Appellants executed a limited showing agreement with Vic Smith, Jr., agent for The Wendt Group Auction and Real Estate Co., LTD ("Wendt Group"), for the purpose of selling approximately 20 acres of woods on Township Road 183 in Seneca County, Ohio. This parcel of land is apparently part of a larger 88 acre tract owned by appellants. Appellees presented a real estate purchase contract for $1,900 per acre, with a down payment of $3,600 deposited in the Wendt Group escrow account. Appellants accepted the offer and signed the purchase contract.
In pertinent part, the contract provides:
Meyers Woods TR 183. Date Jan. 14, 1997
 The undersigned purchasers hereby offer and agree to purchase the following real property situated in Seneca County, State of Ohio, said premises commonly known as Portion of Floyd and Rita Meyer Farm TR 183 and legally described as to be determined by survey.
Shortly after execution of the contract, Richard L. Fletcher, his son Martin Fletcher, Floyd A. Meyers and Vic Smith, Jr., met at the "Meyers Woods". At that time, steel spray painted fence posts marking the boundaries of the land being sold were placed on the land so the surveyor could see the outline of the property and provide the legal metes and bounds description for the deed of conveyance. However, days after this meeting, Floyd A. Meyers and Rita A. Meyers contacted the surveyor and instructed him to stop the survey and stay off the property. Appellants refused to allow the survey and complete the sale.
Appellees filed the instant action seeking specific performance or, in the alternative, damages. In granting appellants' motion for summary judgment and ordering specific performance, the trial court found inter alia that the "parties" placed painted steel stakes in the ground, and the "parties" understood what land was being sold and placed the stakes around the property being sold.
 ASSIGNMENT OF ERROR I: The lower court's conclusion of law that the affidavits of Floyd A. and Rita A. Meyers do not satisfy the requirements set forth in Oh. Civ.R. 56 and therefore were not considered by the trial court in its determination hereinbelow is contrary to law and the rules of evidence and civil procedure, and as a result the defendants were substantially prejudiced thereby because such determination resulted in summary judgment against them.
 ASSIGNMENT OF ERROR II: The decision of the lower court that the "purchase contract" of January 20, 1997, ". . . constitutes a valid enforceable written agreement among the parties . . ." is contrary to law and violates the statute of frauds in that said document falls [sic] on its face to sufficiently, legally and reasonably describe the real estate parcel can [sic] be identified, and as a result the defendants' have been substantially prejudiced thereby and the judgment reversed [sic] as a matter of law.
In order to grant a motion for summary judgment, the court must find that, construing the evidence most strongly in favor of the nonmoving party, there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. Questions of credibility are to be resolved only by the trier of facts. Turnerv. Turner (1993), 67 Ohio St.3d 337.
In the instant case, the parties' contract does not state with any particularity what portion of Meyer's farm is being sold; instead, the parties agreed to determine this issue in preparation of the survey. Therefore, the meeting attended by the parties, or their representative, for the purpose of placing steel stakes on the land and setting boundaries is most significant.
The evidence consisted of appellees' affidavits attached to their motion for summary judgment and appellants' affidavits attached to their memorandum in opposition to summary judgment. The trial court found, however, that appellants' affidavits failed to satisfy the requirements of Civ.R. 56, because the affidavits did not state that they are made upon appellants' own personal knowledge and they contained unrelated hearsay statements. Although not expressly stricken, it appears that these affidavits were not considered due to the stated infirmity.
Affidavits supporting and opposing summary judgment shall be made on personal knowledge. Civ.R. 56(E). Personal knowledge is knowledge of factual truth which does not depend on outside information or hearsay. Brannon v. Renzler (1991),77 Ohio App.3d 749. An affidavit without an averment of personal knowledge must show personal knowledge specifically.Equitable Assurance Corp. v. Kuss Corp. (1984),17 Ohio App.3d 136.
When part of an affidavit is not based on personal knowledge or fails to set forth facts that would be admissible in evidence, and other parts are related on the basis of the affiant's personal knowledge, a trial court commits error when it rejects the entire affidavit. Haack v. Bank One, Dayton, N.A. (April 11, 1997), Montgomery App. No. 16131, unreported. Only those portions of the affidavit which are subject to the infirmity should be stricken.Id.
Upon our review of appellants' affidavits, we find that portions are clearly not based on the personal knowledge of the affiant and/or contain unrelated hearsay. However, it is just as clear that some portions are made on the affiant's personal knowledge. For example, appellant Floyd A. Meyers states that he saw only one stake placed in the ground and did not go around with appellees to witness the placement of the remaining stakes. Mr. Meyers further states that he did not approve of the placement of any stake and told the others that he "did not know if the one I saw was alright or not, until I saw the actual survey stakes." The affidavit of appellant Rita A. Meyers states that she did not witness the placement of the stakes and she never approved of the claimed boundary line.
In contrast, the affidavit filed by appellees of Vic Smith Jr., states that "we" walked into the fields and forest and by agreement put stakes in the ground so that the surveyor "would visually see the area being sold." Furthermore, he states that when "we" left the fields and forest, Floyd A. Meyers and Richard L. Fletcher were in agreement about the location and physical description of the land to be sold pursuant to the purchase contract.
Based thereon, the court finds that only those portions of appellants' affidavits containing averments not made on the affiant's personal knowledge should have been disregarded. Haack,supra. For the trial court to conclude that the "parties understood what land was being sold and placed the stakes around the property being sold," it had to disregard the valid portions of appellants' affidavit or weigh the credibility of the persons making the averments therein. Either way, error was committed. Construing the evidence most strongly in favor of the nonmoving party, the valid portions of the affidavits of the appellants create a genuine issue of material fact as to what land was being sold pursuant to the purchase contract.
Therefore, appellants' affidavits should not have been disregarded in their entirety and, upon consideration of the valid portions of the affidavits, summary judgment was inappropriate. Appellants' first assignment of error is well taken.
As for appellants' second assignment of error, the court finds that the issue of the statute of frauds was not raised in the trial court and cannot be raised for the first time on appeal. See Sekora v. General Motors Corp. (1989), 61 Ohio App.3d 105; andKalish v. Trans World Airlines (1977), 50 Ohio St.2d 73.
Appellants' answer and arguments before the trial court assert that the contract was not valid and enforceable because a condition of the contract was not met. Thus, the issue presented was not whether the agreement to sell real estate was sufficiently reduced to a written instrument but, rather, whether a condition was met with the parties agreeing on the boundaries for the purpose of conducting a survey. For these reasons, appellants' second assignment of error is not well taken.
Accordingly, having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings in compliance with this opinion.
Judgment reversed and cause remanded.
SHAW, P.J., and BRYANT, J., concur.