JOURNAL ENTRY AND OPINION
This appeal asks the question whether a homeowner's policy that covers use of an automobile by an insured's resident employee confers uninsured/underinsured (UM/UIM) coverage under R.C. 3937.18 for a decedent-resident insured who died from an automobile accident unrelated to any resident employee status. Appellant Joseph J. Grabowski, individually and on behalf of decedent Wanda Grabowski, argues the UM/UIM coverage rises by operation of law. Appellee-insurer National Fire Insurance Company opposes coverage and urges us to first address the impact of the settlement release signed by appellant, the decedent's status as an insured, and the delayed notice of claim issues. Appellant failed to address any of these minor issues; instead he assigns the following as error for our review:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE NATIONAL FIRE INSURANCE COMPANY, AS APPELLANT IS ENTITLED TO UNDERINSURED MOTORIST COVERAGE IN THE POLICY ISSUED TO HER BY APPELLEE NATIONAL FIRE.
After reviewing the arguments of both parties and the pertinent law, we affirm the decision of the trial court.
In 1992, Wanda Grabowski died as a result of an automobile accident which occurred when the vehicle driven by her grandson in which she was a passenger collided with another vehicle. Nationwide Insurance Company, the insurer of the other vehicle, paid $90,000 to Wanda Grabowski's estate.
Joseph Grabowski signed a release agreeing to release, acquit and forever discharge Randy Starr and any and all other persons, firms and corporations with respect to the accident that claimed Wanda Grabowski's life.
Seven and one-half years later, Joseph J. Grabowski filed this declaratory judgment action against his homeowner's policy insurer, National Fire Insurance Company, which extended homeowner's coverage for $100,000. Both parties moved for summary judgment. The trial court ruled in favor of National Fire Insurance Company and denied Grabowski's motion.
Following an appeal from summary judgment, our standard of review is de novo and we review this matter without deference to the trial court.[1]
The gravamen of Grabowski's claim is found in the following policy sections:
 SECTION II — LIABILITY COVERAGES COVERAGE E — Personal Liability
If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:
 1. Pay up to our limit of liability for the damages for which the insured is legally liable; and
2. Provide a defense at our expense * * *.
* * *
SECTION II — EXCLUSIONS
1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to bodily injury or property damage:
* * * e. arising out of:
 (1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;
 (2) the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person; or
 (3) statutorily imposed vicarious parental liability for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.
This exclusion does not apply to:
 (1) a trailer not towed by or carried on a motorized land conveyance.
 (2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
(a) not owned by an insured; or
(b) owned by an insured and on an insured location.
 (3) a motorized golf cart when used to play golf on a golf course.
 (4) a vehicle or conveyance not subject to motor vehicle registration which is:
(a) used to service an insured's residence;
(b) designed for assisting the handicapped; or
(c) in dead storage on an insured location.
* * *
[Emphasis added].
The Gravamen of Grabowski's argument is R.C. 3937.18(A)[2] compels National to offer UM/UIM coverage under his homeowner's policy because the policy offers coverage for vehicles used to service the insured's residence; designed for assisting the handicapped; or in dead storage on an insured location from the exclusion. Grabowski argues the Ohio Supreme Court's decision in Selander v. Erie Inns. Group[3] supports his position.
Grabowski misapplies R.C.3937.18 and misreads Selander as is evidenced by the Ohio Supreme Court's decision in Davidson v. Motorists Mut. Ins. Co.[4] In Davidson, Justice Francis Sweeney, who also wrote Selander, took the opportunity to explain the extent of Selander.
 We never intended Selander to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle. Instead, Selander stands only for the proposition that UM/UIM coverage is to be offered where a liability policy of insurance expressly provides for coverage for motor vehicles without qualification as to design or necessity for motor vehicle registration.
In clearing up its intent, the Supreme Court of Ohio pointed out that the much quoted and relied upon Goettenmoeller v. Meridian Mut. Ins. Co.,[5] is to be rejected in favor of Overton v. W. Res. Group.[6] In Overton, that court refused to extend coverage under a policy similar to Grabowski's.
However, if Selander is to be used as a yardstick for measuring coverage in cases of this nature, Davidson measurably shortens Selander's application. In Davidson, the supreme court wrote:
 To begin with, the court of appeals in this case failed to recognize the inherent differences between the Selander decision and the case at hand and has applied language in Selander out of context. * * *.
 The Selander decision is clearly distinguishable from the instant case. In Selander, we were construing a general business liability policy that expressly provided insurance against liability arising out of the use of automobiles that were used and operated on public roads. Since there was express automobile liability coverage arising out of the use of these automobiles, we reasoned that UM/UIM coverage was required. That holding comports with the requirement under R.C. 3937.18 that UM/UIM coverage must be offered where the policy is an automobile or motor vehicle liability policy. In contrast, the policy at issue in this case is a homeowner's policy that does not include coverage for liability arising out of the use of motor vehicles generally. Instead, the homeowner's policy provides incidental coverage to a narrow class of motorized vehicles that are not subject to motor vehicle registration and are designed for off-road use or are used around the insured's property.
 These distinctions are significant. Clearly, the policy in Selander was deemed an automobile liability or motor vehicle policy precisely because there was express liability coverage arising from the use of automobiles. Furthermore, automobiles, unlike the vehicles listed in the homeowner's policy in this case, are subject to motor vehicle registration and are designed for and are used for transporting people on a public highway. Thus, based on these distinctions, it makes perfect sense to allow UM/UIM coverage in Selander but to restrict recovery under a homeowner's policy that provides incidental coverage for a very limited class or motorized vehicles that are neither subject to motor vehicle registration nor designed to be used on a public highway.
* * *
 In essence, these types of vehicles are covered by homeowner's policies precisely because they are not covered under automobile liability policies, since they are not subject to motor vehicle registration.
[Emphasis added].
Although Davidson specifically left open the issue involving a residence employee exclusion,[7] the Ohio Supreme Court lent clarity to Selander's principal that a R.C. 3937.18 will not trigger UM/UIM coverage under a homeowner's policy that provides coverage for vehicles exempt from motor vehicle registration and not intended for use on a public highway. Grabowski's homeowner's policy and the homeowner's policy in Davidson specifically excluded coverage for bodily injury arising out of the use of motor vehicles, and only provided incidental coverage to a narrow class of vehicles not subject to motor vehicle registration or designed for use on public highways.
In conclusion, this court has had the opportunity to visit this matter on at least three occasions: first, Haberley v. Nationwide,[8] which failed to reach the merits because of 54(B) concerns; second, Davis v. Shelby wherein we stated a homeowner's policy that does not provide insurance for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy; and third, Hill v. State Farm wherein we stated again the same premise. This court has repeatedly extended Davidson's reasoning that a homeowner's policy that does not offer coverage for vehicles exempt from motor vehicle registration and not intended for use on a public highway is not a motor vehicle liability policy and thus not subject to the UM/UIM requirements of R.C. 3837.18.
Having concluded that R.C. 3837.18 does not give rise to coverage in this case, we find it unnecessary to pass on the minor issues raised by appellees.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] Northeast Ohio Apt. Assn. v. Cuyahoga Cty Bd. of Commrs. (1997),121 Ohio App.3d 188, 699 N.E.2d 534; Weiper v. W.A. Hill Assoc.(1995),104 Ohio App.3d 250, 661 N.E.2d 769; Brown v. Scotio Bd. of Commrs,87 Ohio App.3d 704, 622 N.E.2d 1153.
[2] R.C. 3937.18 (A), provides, No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless [uninsured and underinsured motorist] coverages are offered to persons insured under the policy due to bodily injury or death suffered by such insureds: * * *.
[3] (1999), 85 Ohio St.3d 541, 709 N.E.2d 1161.
[4] (2001), 91 Ohio St.3d 262, 744 N.E.2d 713.
[5] (1996), Ohio App. LEXIS 2764 (June 25, 1996), Franklin App. No. 95APELL-1553, unreported, (1996), WL 362089.
[6] (1999), Ohio App. LEXIS 5832 (Dec. 8, 1999), Wayne App. No. 99 CA 0007, unreported, WL 1215138.
[7] The supreme court explained, Appellees further contend that the homeowner's policy is a motor vehicle liability policy because it contains a "residence employee" exclusion, affording protection against liability to employees for injuries occurring in the course of their employment and arising out of the use of a motor vehicle. Because this argument was not raised in either the trial court or court of appeals, we decline to address it. See Kalish v. Trans World Airlines (1977),50 Ohio St.2d 73, 4 Ohio Op. 3d 195, 362 N.E.2d 994.
[8] 2001 Ohio App. LEXIS 1709 (April 4, 2001), Cuyahoga App. No. 78603, unreported.