OPINION
{¶ 1} Plaintiff-appellant Van Nostran-Young Insurance Agency appeals from the October 16, 2002, judgment of the Stark County Court of Common Pleas which granted summary judgment in favor of defendant-appellee State Auto Insurance Companies.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Plaintiff-appellant Van Nostran-Young Insurance Agency [hereinafter appellant] and Prestige and Premiere Companies, Inc. [hereinafter Prestige] filed a civil law suit against defendant-appellee State Auto Insurance Companies [hereinafter appellant] seeking damages for breach of contract. Appellant alleged the following. Appellant was contacted by Prestige to obtain quotes for a commercial policy of insurance. Based upon the request by Prestige, appellant proceeded to analyze Prestige's insurance needs and requested a quote for Prestige from appellee. Appellee returned a quote in the amount of $39,592.00. Appellant contacted appellee to confirm the receipt of the quote and the premium quoted. Appellee confirmed that the information was correct.
 {¶ 3} Appellant advised Prestige of the quote from appellee. Prestige agreed to place its insurance needs with appellant and accepted the quote given to it by appellee.
 {¶ 4} After the quote had been accepted by Prestige, appellee notified appellant that it would not honor its quote and would not issue a policy in accordance with the quote. Appellee indicated that it had miscalculated the premium to be charged for the requested policies. According to appellant, appellee further refused to provide a new quote for the policy claiming that a new quote would be issued to a different insurance agency in Cuyaghoga County.
 {¶ 5} Based upon appellee's alleged actions, as described above, appellant claimed that appellee had violated appellee's internal procedures and the terms of the agreement which existed between appellant and appellee. Appellant sought damages in the form of the lost commission on the policy to Prestige and lost future profits for future commissions on the policy to Prestige.
 {¶ 6} Appellee filed a Motion for Summary Judgment. On October 16, 2002, the trial court denied Summary Judgment to appellee on Prestige's breach of contract claim and granted Summary Judgment to appellee on appellant's breach of contract claim. On November 5, 2002, the trial court entered a Nunc Pro Tunc Order certifying that there was no just reason to delay an immediate appeal of the judgment.
 {¶ 7} Thus, it is from the trial court's grant of Summary Judgment that appellant appeals, raising the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FAILING TO FIND THAT A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER DEFENDANT STATE AUTO INSURANCE AGENCY BREACHED THE EXPRESS OR IMPLIED TERMS OF THE CONTRACT BETWEEN VAN NOSTRAN AND STATE AUTO.
 {¶ 9} "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FAILING TO PERMIT THE CLAIMS OF PLAINTIFF VAN NOSTRAN FOR BAD FAITH TO PROCEED TO A TRIAL BY JURY.
 {¶ 10} "III. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FAILING TO PERMIT THE CLAIMS OF PLAINTIFF VAN NOSTRAN FOR FUTURE DAMAGES TO PROCEED TO A JURY TRIAL."
 {¶ 11} This matter reaches this court upon the grant of summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 12} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. It is based upon this standard that we review appellant's assignments of error.
 I {¶ 14} In the first assignment of error, appellant argues that the trial court erred when it failed to find that a genuine issue of material fact existed as to whether appellee breached the implied and express terms of the agreement between appellant and appellee. We disagree.
 {¶ 15} Appellant presents two arguments. Appellant contends that there was a genuine issue of material fact as to whether appellee owed appellant a commission pursuant to the terms of the agreement based upon appellee's improper refusal to issue a policy of insurance to Prestige. Appellant also contends that there was a genuine issue of material fact as to whether appellee breached the implied terms of the agreement when appellee failed to provide a quote to appellant to submit to Prestige.
 {¶ 16} Upon review, we find that under no alleged circumstances is appellant entitled to a commission pursuant to the terms of the agreement between appellant and appellee. First, in his affidavit, Doug Van Nostran stated that appellee was to pay a commission for each insurance policy and premium procured by appellant on behalf of appellee. In this case, it is undisputed that appellee did not issue a policy nor receive a commission from Prestige.
 {¶ 17} However, appellant argues that the agency is entitled to damages in the amount of the commission it would have received if appellee had not breached its contract with Prestige and actually issued the policy as agreed upon. The agreement gives an agent such as appellant the authority to bind and execute insurance contracts. However, appellee specifically reserved the right to "decline to accept, renew or cancel any policy or policies issued under this Agreement." Para. A.6. Thus, pursuant to the terms of the agreement between appellant and appellee, appellee was under no duty to appellant to issue a policy even if appellant and Prestige had entered into an agreement for insurance.
 {¶ 18} Further, even if appellee and appellant had entered into a contract for insurance, as alleged by appellant, appellant would not be entitled to a commission.[1] The agreement between appellant and appellee reserves to appellee the right to cancel any policy, and does not require that appellee provide to appellant any reason for the cancellation. In the event of such a cancellation, the agency agreed to return any commissions received on that policy. Para. A.4. Thus, even if there had been an agreement by appellee to provide insurance to Prestige, and appellee breached that agreement, (in essence canceling the policy) and, even if the appellant would have been entitled to a commission upon the making of the agreement between appellee and Prestige, appellant, under the terms of the agreement, would have had to return any commission that had been paid.
 {¶ 19} In conclusion, there is no genuine issue of material fact as to whether appellee was entitled to a commission pursuant to the terms of the agreement.
 {¶ 20} Appellant also contends that appellee violated the implied terms of the agreement by failing to provide a new quote to appellant for Prestige. It is undisputed that appellee did provide a quote for Prestige through another agency. Upon receiving that quote, Prestige did not purchase insurance from appellee. Instead, Prestige opted to purchase insurance through a different agency (Althans Agency) which provided insurance from the Westfield Insurance Companies. Westfield offered a lower premium than the premium offered by appellee. Therefore, appellant has failed to demonstrate how the alleged breach could have resulted in the loss of a commission by appellant. Therefore, we once again find no genuine issue of material fact.
 {¶ 21} Appellant's first assignment of error is overruled.
 II {¶ 22} In the second assignment of error, appellant argues that the trial court erred in granting summary judgment on appellant's claim that the actions of appellee were taken in bad faith and violated the fiduciary duty which allegedly existed between the parties. We disagree.
 {¶ 23} First, appellant presented a claim in his Complaint which alleged that the breach of contract by appellee was "done in bad faith." In appellant's motion in opposition to summary judgment, appellant claimed that this bad faith claim was a separate and distinct cause of action that permitted punitive damages.
 {¶ 24} However, simply characterizing an action as one willfully, wantonly, and maliciously done or done in bad faith adds nothing to a cause of breach of contract. See Tibbs v. National Homes ConstructionCorp. (1977), 52 Ohio App.2d 281, 291, 369 N.E.2d 1218. There is no recognizable claim in Ohio for the tort of breach of contract. Hoskinsv. Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 276, 452 N.E.2d 1315. "[N]o matter how willful the breach, it is no tort to breach a contract."Dietz-Britton v. Smythe, Cramer Co. (2000), 139 Ohio App.3d 337, 349,743 N.E.2d 960. Furthermore, punitive damages are not available for breach of contract under Ohio law. DeCastro v. Wellston City SchoolDist. Bd. of Ed., 94 Ohio St.3d 197, 2002-Ohio-478, 761 N.E.2d 612. Accordingly, appellee was entitled to summary judgment on appellant's claim of bad faith breach of contract.
 {¶ 25} Appellant also raises the issue of whether appellee breached a fiduciary duty to appellant. However, such a claim was not raised in either appellant's complaint nor memorandum in opposition to appellee's motion for summary judgment. An appellant may not assert a new theory for the first time in the appellate court. Thatcher v. GoodwillIndustries of Akron (1997), 117 Ohio App.3d 525, 536, 690 N.E.2d 1320. This is especially true where a plaintiff seeks to introduce a new cause of action that was never pled in the complaint nor alleged in any motion or other pleading in the trial court. Kalish v. Trans. World Airlines
(1977), 50 Ohio St.2d 73, 77, 362 N.E.2d 994; Spring Industries, Inc. v.J.E. Nicolozakes (Nov. 21, 2000), Tuscarawas App. No. 99AP120075, 2000 WL 1751163. Accordingly, this court will not consider this new claim on appeal.
 {¶ 26} Appellant's second assignment of error is overruled.
 III {¶ 27} In the third assignment of error, appellant contends that the trial court erred when it failed to permit appellant to proceed to trial on claims that appellant was entitled to future commissions as lost profits. Appellant claims that there was a question of fact whether Prestige would have remained a customer and client of appellant for a period of ten to fifteen years. We disagree.
 {¶ 28} "The general rule is that lost profits may be recovered by the plaintiff in a breach of contract action if: profits were within the contemplation of the parties at the time the contract was made, the loss of profits is the probable result of the breach of contract, and the profits are not remote and speculative and may be shown with reasonable certainty." Charles R. Combs Trucking, Inc. v. International HarvesterCo. (1984), 12 Ohio St.3d 241, 244, 466 N.E.2d 883.
 {¶ 29} In this case, appellant has failed to create a genuine issue of material fact. To survive summary judgment, a party must prove the lost profits with a reasonable certainty. Doner v. Sapp (1994),98 Ohio App.3d 597, 601, 649 N.E.2d 42. Appellee refused to issue any policy to Prestige without charging the full premium. Prestige sought to obtain their insurance needs at the lowest possible cost and obtained insurance from another insurance company at premiums lower than those offered by appellee. There has been no showing that Prestige would have purchased insurance from appellant at any time in the future.
 {¶ 30} Consequently, appellant has failed to raise a genuine issue of material fact concerning lost profit. Construing the evidence in favor of appellant, it is not reasonably certain that appellant would have received any future commissions from the sale of insurance to Prestige. Appellant's claim is based upon pure speculation.
 {¶ 31} Appellant's third assignment of error is overruled.
 {¶ 32} The judgment of the Stark County Court of Common Pleas is affirmed.
By: Edwards, P.J., Boggins, J., and Reader, V.J. concur.
[1] The issue of whether appellee breached a contract with Prestige for insurance coverage remains before the trial court.