WELSH, APPELLANT, v. UNITED PARCEL SERVICE, INC. ET AL., APPELLEES.

(No. 51870—Decided March 16, 1987.)

Marshman, Snyder & Corrigan and *Jerome S. Berkeley,* for appellant.

*Goldfarb & Reznick, Bernard S. Goldfarb, Mark V. Webber* and *Carl E. Cormany,* for appellees.

CORRIGAN, J. Plaintiff-appellant, John A. Welsh, appeals from a decision of the trial court which granted summary judgment in favor of the defendants-appellees, United Parcel Service, Inc., Rick Peters, Ernie Brown, Gary Bowman, and Jerry Fisher.

Appellant was employed by United Parcel Service as a part-time sorter at the Highland Heights Center under the terms of a collective bargaining agreement between United Parcel Service and Teamsters Local 407. The collective bargaining agreement consisted of three parts: (1) the National Master United Parcel Service Agreement, (2) the Central Conference of Teamsters United Parcel Service Supplemental Agreement to the National Master Agreement, and (3) the Ohio Rider to the Supplemental Agreement and National Master Agreement.

Appellant was granted a divorce from his first wife, Nancy Welsh, on March 17, 1981, and on March 18, 1983, appellant entered into his second marriage. Subsequent to appellant's divorce and remarriage, appellant applied to United Parcel Service for payment of medical expenses in the amount of $2,180, which expenses had been incurred by his previous wife, Nancy Welsh. Apparently, said medical expenses were paid by United Parcel Service under its Health and Welfare Program as established by Article 34 of the National Master Agreement and Section 4, Article 14 of the Supplemental Agreement. Upon discovery of appellant's divorce from Nancy Welsh, United Parcel Service demanded return of the $2,180 which had been paid on behalf of Nancy Welsh.

Appellant's employment was terminated pursuant to Article 17 of the Supplemental Agreement and Subsection (A) of the Ohio Rider. Said contract clauses provided that an employee may be discharged for acts of dishonesty without warning or hearing. Appellant was terminated as a result of fraudulently submitting medical bills for payment by United Parcel Service in that medical insurance coverage did not extend to appellant's former wife, Nancy Welsh.

On March 30, 1983, appellant filed a grievance, pursuant to the collective bargaining agreement, with regard to the questions of medical benefits coverage and employment termination. On January 9, 1984, appellant's grievance was submitted for hearing to the Ohio Joint State Committee. Upon hearing, said committee held that the appellant was not entitled to medical coverage with regard to his previous wife, Nancy Welsh, and that appellant was properly discharged as a result of the fraudulent medical claim.

One year later, on January 23, 1985, appellant filed an action in the Cuyahoga County Court of Common Pleas claiming that United Parcel Service and several managerial employees of United Parcel Service had fraudulently induced the appellant to return the $2,180. Neither the grievance procedure itself nor the union representation is challenged by the appellant in this action. Allegedly, United Parcel Service made promises of no punitive action, including the aspect of termination, if the $2,180 was returned to United Parcel Service. Appellant, in his complaint, prayed for a return of the $2,180, reinstatement of employment, payment of additional medical bills, compensation for lost wages, and punitive damages. While basically seeking the same relief sought in the grievance procedure, appellant claimed what was sought below was by way of independent tort action. On July 15, 1985, the appellees filed a motion for summary judgment. On March 17, 1986, the trial court granted appellees' motion for summary judgment and entered judgment for the appellees as a matter of law.

Thereupon, appellant brought this appeal.

The appellant's sole assignment of error is that:

"The trial court erred in granting defendant-appellee[s'] motion for summary judgment."

The appellees, in their motion for summary judgment, argued that: (1) appellant's claim of fraudulent inducement was preempted by federal law; (2) that the grievance procedure is protected from being disturbed by actions within the state court system; and (3) that appellant's action, vis-a-vis the grievance procedure, is time barred.

Section 301(a) of the Labor Management Relations Act (Section 185[a], Title 29, U.S. Code) provides that:

"Suits for violation of contracts between an employer and a labor or-

ganization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Federal case law has interpreted Section 301 to provide that a state tort claim is preempted where the complaining party is subject to a collective bargaining agreement. *Allis-Chalmers Corp.* v. *Lueck* (1985), 471 U.S. 202; *Martin* v. *Associated Truck Lines, Inc.* (C.A. 6, 1986), 801 F. 2d 246; *Bell* v. *Gas Service Co.* (C.A. 8, 1985), 778 F. 2d 512; *Moore* v. *General Motors Corp.* (C.A. 8, 1984), 739 F. 2d 311.

Appellant, through his employment with United Parcel Service, was subject to a collective bargaining agreement. In addition, appellant, through his suit filed in the Cuyahoga County Court of Common Pleas, alleged the tort of fraudulent inducement. However, in evaluating the tort action, it is evident that the federal and state claims are intertwined. Based upon the collective bargaining agreement and the state tort action, Section 301 of the Labor Management Relations Act preempted appellant's suit and thus appellant was barred from filing suit within the state court system. In *Lueck, supra,* the court, in finding the tort was preempted, stressed the policies of a unified federal labor policy and the significant importance of the arbitration process. Based upon the preemption argument, the trial court herein was correct in granting the appellees' motion for summary judgment.

Appellees' second basis for granting summary judgment was the "finality" or "sanctity" of the grievance procedure. Appellees argued that Congressional policy, as espoused in Section 203(d) of the Labor Management

Relations Act (Section 173[d], Title 29, U.S. Code), and federal case law, hold that the grievance procedure is to be favored as a settlement process and that only limited judicial review of the grievance decision will be allowed. Said judicial review will be limited to a determination of whether fraud was somehow involved in the grievance procedure. *United Steelworkers of America* v. *American Mfg. Co.* (1960), 363 U.S. 564; *Delcostello* v. *Internatl. Brotherhood of Teamsters* (1983), 462 U.S. 151.

Although not as strong an argument as that of federal preemption, the argument of the sanctity of the grievance process further supports the granting of appellees' motion for summary judgment. Appellant, in his complaint, does not allege fraud in the grievance procedure and the grievance procedure did deal with the question of the medical expenses paid on behalf of appellant's ex-wife and appellant's termination. Therefore, appellant could not again challenge the question of medical expenses and employment termination and was thus barred from filing his suit within the court of common pleas.

The appellees' final argument for entry of summary judgment is not relevant. The appellees argue that a suit filed with regard to fraud involved in the grievance procedure must be brought within the time limitations for challenging the grievance decision. However, since appellant has not alleged fraud in the grievance procedure, any argument in this regard is largely academic.

Appellant, in his response to the appellees' motion for summary judgment, rests upon the allegations contained within his complaint and an affidavit executed by his ex-wife. Said affidavit does not address the issue of fraudulent inducement but raises discussions held between Nancy Welsh and United Parcel Service managerial

employees with regard to the payment of medical expenses.

Appellant, in his responsive brief, attempts to raise new causes of action. Allegations of criminal "blackmail, coercion, and extortion," in addition to libel, were presented in appellant's reply to appellees' motion for summary judgment. None of these new claims could have been considered by the trial court in reviewing appellant's motion for summary judgment. In addition, the appellant, by resting on the allegations contained within his complaint, did not create a question of material fact.

The party opposing the motion for summary judment may not rest upon the mere allegations or denials in his pleadings, but must respond by affidavit or as otherwise provided in Civ. R. 56(C) with specific facts showing there is a genuine issue for trial. *Citizens Ins. Co.* v. *Burkes* (1978), 56 Ohio App. 2d 88, 10 O.O. 3d 119, 381 N.E. 2d 963, paragraph two of the syllabus.

Appellant's single assignment of error is not well-taken.

The trial court properly granted appellees' motion for summary judgment based upon federal preemption and the sanctity and finality of the labor grievance procedure.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MARKUS, C.J., and PATTON, J., concur.