SEKORA et al., Appellants,

v.

**GENERAL MOTORS CORPORATION et al., Appellees.**

[Cite as *Sekora v. General Motors Corp.* (1989), 61 Ohio App.3d 105.]

Court of Appeals of Ohio,
Trumbull County.

No. 3956.

Decided Feb. 27, 1989.

*Charles White,* appellant, *pro se.*

*Robert S. Walker* and *Dennis M. Kelly,* for appellee General Motors Corporation.

*Richard F. Rice,* for appellees IUE and IUE Local 717.

*Betty Grdina,* for appellees UAW and UAW Local 1112.

RANDALL L. BASINGER, Judge.

An agreement was entered into by General Motors Corporation (GM) and the United Automobile, Aerospace and Agricultural Implement Workers International Union (UAW), and by General Motors and the International Union of Electrical Radio & Machine Workers (IUE). The agreement covered wages, benefits and other terms and conditions of employment.

The provisions of the agreement relevant here pertained to the payment of employee benefits, such as vacation and holiday pay, sickness and accident benefits, and regular supplemental unemployment benefits, but not workers' compensation benefits. Such provisions were referred to as the "Procedure for Benefit Entitlement." The national collective bargaining agreements did not purport to deal in any fashion with the payment of workers' compensation benefits and had no effect on entitlement to such benefits.

The disputed contract provision provided for a reduction of employee's contractual fringe benefits, proportionately reduced if the employee missed twenty percent or more of available work time due to certain types of unexcused absences. The affected fringe benefits included vacation pay,° holiday pay, sickness and accident pay.

The program was known as the "Procedure for Benefit Entitlement." In the program, unexcused absences resulting from sick leave were defined by the type and severity of the medical problem incurred rather than by the cause of the medical problem. The program was jointly administered by GM and the UAW, pursuant to mutually agreed-upon guidelines.

The company and union coordinators had discretion in reviewing mitigating circumstances and additional medical records in determining whether an absence should be counted against an employee. An appeal process was built into the program. The mutual guidelines for reviewing the medical basis for the absences were called "Purification Guidelines."

Plaintiffs' basic complaint was that the purification guidelines did not consider the cause of the medical injuries. They claimed that work-related injuries, no matter how slight or severe, should be excused for purposes of computing the twenty percent absence level.

As a result of their dissatisfaction with the agreement, plaintiff Charles White, and ten other plaintiffs comprised of General Motors Corporation's hourly employees from the Lordstown, Ohio, Assembly Plant and its Packard Electric Plant in Warren, Ohio, filed an action in the Court of Common Pleas of Trumbull County, Ohio, *Sekora, et al. v. General Motors Corporation,* on December 20, 1983. GM, UAW, UAW Local 1112, IUE and IUE Local 717 were named as defendants.

This action involved the Procedure for Benefit Entitlement contained in GM's 1982 national collective bargaining agreements with the UAW and the IUE. In 1982, the procedure was a method by which certain collectively-bargained employee benefits were calculated and paid in proportion to the number of full-time hours worked.

The complaint alleged causes of action expressly premised on Ohio constitutional and statutory law and Ohio public policy. Plaintiffs claimed that the proportional reductions in fringe benefits were in violation of the Ohio statutes prohibiting waivers or deductions, or indemnification of workers' compensation benefits, from wages. They did not allege that they were denied workers' compensation benefits or that their benefits were reduced. Plaintiffs sought injunctive relief against the enforcement of the procedure, declaratory judgment that the procedure was unlawful, and money damages, both compensatory and punitive.

The national collective bargaining agreement containing the disputed provisions expired in September 1984. The UAW and IUE successfully bargained to change the contested provisions of the national agreement in subsequent contracts. On December 14, 1984, the trial court issued an order which held the plaintiffs' claims for injunctive relief were moot by virtue of the new agreement. The trial court also dismissed any claims for restitution from the UAW and IUE.

On September 9, 1985, the trial court granted defendants' motions to strike the plaintiffs' jury demand and prayer for punitive damages. The trial court also granted defendants' motions *in limine*, limiting trial evidence to matters set forth in the complaint and excluding any tort claims which had not been pled in the complaint. The plaintiffs appealed these interlocutory rulings. This court dismissed those appeals on November 12, 1985 for lack of jurisdiction in Trumbull App. No. 3640. The Supreme Court of Ohio thereafter dismissed plaintiffs' appeal and motion to certify for the same reason and denied plaintiffs' request for rehearing.

On June 10, 1987, plaintiffs filed their motion for partial summary judgment on liability issues. In response, GM filed its motion for summary judgment on July 7, 1987. The union defendants also moved for summary judgment. On August 31, 1987, the lower court ruled in favor of all defendants on all issues and denied plaintiffs' motion for summary judgment in all respects.

On September 28, 1987, the plaintiffs filed a notice of appeal respecting the final judgment entered against them. On November 16, 1987, each of the plaintiffs was granted leave to dismiss his or her appeal. The only plaintiff remaining is Charles White, a member of the UAW and Local 1112. White

elected to proceed *pro se* on his appeal and timely filed his appeal and corresponding brief.

Appellant White timely filed the following three assignments of error:

"1. Trial court erred in failing to grant plaintiff-appellant's motion for summary judgment pursuant to Ohio Civil Rule 56(C).

"2. The trial court erred in transferring this case from Judge Shaker to Judge Malone as this act is contrary to law.

"3. The trial court erred in applying the procedure for benefit entitlement to plaintiff."

For the reasons which follow, all assignments of error are without merit.

In his first assignment of error, White is contending that the trial court erred in granting summary judgment pursuant to Civ.R. 56(C). He asserts that the proceeds from the provision in question were being used to finance workers' compensation payments in violation of R.C. 4123.80, 4123.81 and 4123.82, all sections dealing with workers' compensation and the prohibition against waiving workers' compensation rights or indemnifying the employer for workers' compensation payments.

In the instant cause, it is perhaps best to look at each appellee individually. The UAW and Local 1112 are each one of the appellees. They are involved in the appeal because White is a member of their local.

In the final judgment entry dated August 31, 1987, the trial court granted the unions' motions to dismiss treating each motion as a motion for summary judgment.

"Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

The entry of the trial court reads as follows:

"7. Finally, summary judgment in favor of the Defendant Unions is appropriate for the additional reason that the claims of the Plaintiffs against them are moot by virtue of the Union Defendants' 1984 labor agreements with the Defendant, General Motors Corporation. This Court has no jurisdiction under the Declaratory Judgment Act because, in 1984, the Procedure for Benefit Entitlement was renegotiated by the parties to exclude from the benefit calculations any time off for compensable injuries under R.C. Chapter

4123. Plaintiffs' claims for declaratory judgment were mooted by this action. There is no merit to Plaintiffs' claim for reimbursement against the Unions.''

■ A trial court has broad discretion in deciding whether to entertain a declaratory judgment. *Schaefer v. First Natl. Bank* (1938), 134 Ohio St. 511, 13 O.O. 129, 18 N.E.2d 263; see, also, *D.H. Overmyer Telecasting Co. v. American Home Assurance Co.* (1986), 29 Ohio App.3d 31, 29 OBR 32, 502 N.E.2d 694.

■ Also, in an action for declaratory judgment, there must be a real controversy between adverse parties which is justiciable in character, and for which speedy relief is necessary to preserve the rights of the parties. *Schaefer v. First Natl. Bank, supra;* see, also, *Herrick v. Kosydar* (1975), 44 Ohio St.2d 128, 73 O.O.2d 442, 339 N.E.2d 626.

■ The instant cause does not appear to be a proper action for declaratory judgment as it does not fit within the aforementioned criteria. At the time of summary judgment, the provision had been eliminated from the agreement. There was no real controversy and the trial judge did not abuse his discretion in deciding not to grant declaratory judgment.

■ Furthermore, the union was not the employer of White and had no underlying obligation under the labor contract to pay for any fringe benefits or workers' compensation benefits. As such, it was not error for the trial court to grant a summary judgment in favor of the UAW and Local 1112.

■ Summary judgment was next granted in favor of appellee GM on the basis of three issues. The first issue was whether GM used the money to offset the cost of workers' compensation. The second issue was whether Section 301 of the Labor Management Relations Act preempted White's claims. Finally, the question was raised whether ERISA (Employee Retirement Income Security Act of 1974), Section 1001 *et seq.*, Title 29, U.S.Code, preempted the claim. These issues will be discussed in sequence.

R.C. 4123.80, 4123.81 and 4123.82 prohibit the employer from indemnifying or offsetting the payment of workers' compensation benefits to employees. However, this did not occur in the case *sub judice.* GM's workers' compensation obligation was not being paid by any GM employee and no money was being deducted from White or any other GM employee to finance workers' compensation.

The provision in question is a method of determining whether employee benefits are earned in accordance with a collective bargaining agreement. These benefits have nothing to do with workers' compensation benefits. Thus, it was not error to grant summary judgment.

■ The next issue to be looked at is whether this action is preempted by ERISA. ERISA is a comprehensive federal statute subjecting employee benefit plans to federal regulations. *Shaw v. Delta Air Lines* (1983), 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490, 497. Under Section 514(a) of the Employee Retirement Income Security Act, a state law which relates to employee benefit plans is preempted. ERISA has a preemption provision providing that the Act " * * * supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in Section 1003(a) of this title * * *." Section 1144(a), Title 29, U.S.Code.

This preemption provision encompasses " * * * all laws, decisions, rules, regulations, or other State action having the effect of law, of any State * * *." Section 1144(c)(1), Title 29, U.S.Code; see, also, *Richland Hospital, Inc. v. Ralyon* (1987), 33 Ohio St.3d 87, 516 N.E.2d 1236.

ERISA has been interpreted to have preempted state laws indirectly bearing on employee benefit plans. *Alessi v. Raybestos–Manhattan, Inc.* (1981), 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402.

In the instant cause, White relied on state law and state statutes in seeking a modification of the computation of benefits. As discussed, this claim would be preempted by federal law. Accordingly, it was not error to grant summary judgment.

■ The last factor relied on by the trial court was that the action was preempted by Section 301(a) of the Labor Management Relations Act (Section 185[a], Title 29, U.S.Code), in that:

" 'Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.'

"Federal case law has interpreted Section 301 to provide that a state tort claim is preempted where the complaining party is subject to a collective bargaining agreement." *Welsh v. United Parcel Service, Inc.* (1987), 36 Ohio App.3d 80, 521 N.E.2d 1; see, also, *Allis–Chalmers Corp. v. Lueck* (1985), 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206.

In the instant cause, White was subject to a collective bargaining agreement with GM and his benefits were derived from the 1982 national collective bargaining agreements. As such, any state claim would be preempted by federal labor law.

■ The next issue to be considered is the contention of IUE and Local 717 that White is not a member of their local and the appeal is therefore moot in that the other appellants, who are members, have dismissed their appeals. The IUE and Local 717 are correct in asserting that White is a member of the UAW and Local 1112. Accordingly, White is not subject to the collective bargaining agreement between GM and the IUE Local 717. Additionally, the provision challenged by White in the complaint has been eliminated.

It appears that the appeal is indeed moot as to the IUE and Local 717. The Ohio Supreme Court in *Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21, syllabus, held:

"It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error."

In the instant cause, the appeal is moot as to IUE and Local 717. White is not a member of the union and the provision in question has been eliminated by a later agreement. The argument of IUE and Local 717's argument is well-taken.

In conclusion, there can be no declaratory judgment as the provision in question no longer exists. Also, the claim under state law is preempted by federal labor law. Finally, IUE and Local 717 are no longer involved in the appeal. Accordingly, the first assignment of error is without merit.

In his second assignment, White is contending that it was error for Judge Shaker to transfer the case to visiting Judge Malone. Appellant is incorrect in his factual assertions as Judge Malone did not preside over the trial of this case. The final judgment entry is signed by Judge Shaker. Accordingly, the second assignment of error is without merit.

■ In the third assignment of error, White is contending that the application of the Procedure for Benefit Entitlement should not have been applied to him. He asserts that his injury should not have been considered to be an "includable condition" and the application of the provision violated the labor contract.

A review of the record shows that this issue was never raised below. There is no breach of contract count in the complaint and nowhere in the transcripts is such a claim asserted. Lastly, the issue was not raised in the motion for partial summary judgment on liability issues.

Appellant White did not raise this issue in the lower court and he cannot now raise the issue. Appellant has waived any error as presented by the third assignment of error because this issue was not raised at the trial level.

*Bechdel v. Kester* (Mar. 15, 1985), Portage App. No. 1479, unreported, 1985 WL 7826; see, also, *Kalish v. Trans World Airlines* (1977), 50 Ohio St.2d 73, 4 O.O.3d 195, 362 N.E.2d 994. Accordingly, the third assignment of error is without merit.

The three assignments of error are without merit.

*Judgment affirmed.*

STILLMAN, P.J., and PARRINO, J., concur.

RANDALL L. BASINGER, J., of the Court of Common Pleas of Putnam County, sitting by assignment.

SAUL G. STILLMAN, P.J., retired, of the Eighth Appellate District, sitting by assignment.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.