[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which denied appellant's motion to vacate a default judgment pursuant to Civ.R. 60(B)(5).
On appeal appellant, Thomas Pirtle, II, sets forth the following assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT DEFENDANT THOMAS PIRTLE, II'S MOTION FOR RELIEF FROM JUDGMENT, UNDER OHIO RULE OF CIVIL PROCEDURE 60(B)."
On January 26, 1990 appellee, Ruby Lawhorn, was injured in a hit-and-run automobile accident in which her vehicle collided with another vehicle allegedly driven by appellant. On that same day, Toledo police charged appellant with failure to stop at a stop sign in violation of Toledo Municipal Code 331.17 and failure to report an injury accident in violation of Toledo Municipal Code335.15. On November 6, 1991, Lawhorn filed a complaint against appellant and the owner of the vehicle, Mary Adams, in which she asked for damages "in whatever amount above Twenty-five Thousand ($25,000.00) Dollars" to which she may be entitled. On January 21, 1992, Lawhorn filed a motion for default judgment against appellant and Adams. On January 27, 1992, Lawhorn filed a motion to amend her prayer for damages to a demand a "judgment [against both defendants] * * * in an amount of Two Hundred Fifty Thousand ($250,000.00) Dollars."
On July 21, 1992, Liberty Mutual Insurance Company ("Liberty Mutual") filed an intervenor's complaint in which it asked the trial court to order appellant to reimburse Liberty Mutual for Lawhorn's medical costs in the amount of $4,742. On December 2, 1992, Adams was dismissed as a defendant.
On December 2, 1992, Lawhorn and Liberty Mutual filed a joint motion for a default judgment, in which they asked the trial court to order appellant to pay $49,742 in damages. No evidentiary hearing was held, but a copy of the police report of the accident, evidence of Lawhorn's medical bills in the amount of $4,742, and a copy of a "RELEASE AND TRUST AGREEMENT" executed by Lawhorn in favor of Liberty Mutual in consideration of Liberty Mutual's payment of $45,000 to Lawhorn was submitted along with the motion. On February 4, 1993, the trial court filed a judgment entry in which it granted Lawhorn's and Liberty Mutual's joint motion for default judgment in the amount of $49,742. On February 10, 1993, the trial court filed a second judgment entry in which it granted Liberty Mutual's individual motion for default judgment in the amount of $4,742.
Four years later, on April 1, 1997, appellant filed a motion to vacate the trial court's February 4, 1993 and February 10, 1993 judgment entries pursuant to Civ.R. 60(B)(5). Attached to appellant's motion was a memorandum in support thereof, and appellant's affidavit, in which he stated that he was not the driver of the vehicle which collided with Lawhorn on January 26, 1991. Appellant further stated that he did not respond to the complaint because the traffic charges against him were dismissed, he believed that such dismissal "would terminate all proceedings" against him, and, had he known that the civil action was "proceeding" against him after the traffic charges were dismissed, he would have responded appropriately.
On April 14, 1997, Liberty Mutual filed a memorandum in opposition to appellant's motion to vacate. In support thereof, Liberty Mutual attached the affidavit of attorney William Keis, in which he stated that he notified appellant of the judgment against him by letter in March 1993, and that Keis sent appellant another letter in June 1993, in which he advised appellant that his driving privileges had been suspended because of the judgment against him. Keis further stated that appellant contacted his office on April 22, 1996, and asked to make monthly payments.
On May 23, 1997, the trial court denied appellant's Civ.R. 60(B)(5) motion. On June 19, 1997, appellant filed a timely notice of appeal.
Appellant argues in support of his sole assignment of error that "he was neither driving the involved vehicle nor even in the involved vehicle at the time of the hit-skip accident" which injured Lawhorn; no evidence was presented that the amount of money Liberty Mutual paid to Lawhorn was "reasonably related" to her injuries; and Liberty Mutual's prayer for relief was never amended; therefore, Liberty Mutual was not entitled "to the larger default judgment which the trial court granted in this case on February 4, 1993." In addition, appellant asserts that the trial court abused its discretion by denying his Civ.R. 60(B)(5) motion because the $4,742 judgment and the $49,742 judgment are "apparently redundant," his "failure to defend this action lies with the confusing mistake resulting from the dismissal of the traffic citations," and the impact of the judgments "would be devastating if [they] are not set aside." It is well-established that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77." The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
The grounds for relief from a final judgment or order as set forth in Civ.R. 60(B) are:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
In order to succeed on a motion seeking relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the three requirements set forth in GTE. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391. Accordingly, we shall individually address each of appellant's claims for relief.
Appellant's assertion that he was not the driver of the vehicle which injured Lawhorn may not be asserted as a defense in this appeal, since it was never raised in the trial court. Sekorav. General Motors Corp. (1989), 61 Ohio App.3d 105, 112.
Appellant's claims that the February 4, 1993 and February 20, 1993 default judgments were "apparently redundant," that Liberty Mutual was not entitled to the "larger default judgment" of $49,742, and that there is no evidence that the amount of the judgment is "reasonably related" to Lawhorn's injuries are not meritorious for the following reasons. First, the record shows that the trial court's February 4, 1993 judgment entry granted a default judgment in the amount of $49,742 to "the plaintiffs,"[1] and not just to Liberty Mutual. Second, although a trial court must hold a hearing on a default motion in cases where the damages are unliquidated,[2] the failure of the trial court to hold a hearing to take evidence of Lawhorn's unliquidated damages in this case is an issue which could have been asserted on a direct appeal, and is therefore not the proper subject of a motion for relief from judgment pursuant to Civ.R. 60(B)(5). Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686, citingColley v. Bazell (1980), 64 Ohio St.2d 243 (A Civ.R. 60(B) motion is not available as a substitute for a direct appeal). Similarly, appellant's claim that the trial court's judgments were "apparently redundant" could have been raised on a direct appeal and is not the proper subject of a motion pursuant to Civ.R. 60(B). Id.
As to appellant's claim that he is entitled to relief because he mistakenly believed the civil proceedings against him ended when the traffic charges were dismissed, we agree with the trial court that such a claim appears to fit within the category of "mistake, inadvertence, surprise or excusable neglect" pursuant to Civ.R. 60(B)(1), and "is inappropriate for relief under subdivision (B)(5)." See Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64 (Civ.R. 60(B)(5) is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B)).
As to the timeliness of appellant's motion, a claim for relief pursuant to Civ.R. 60(B)(1) must be brought "not more than one year after the judgment, order or proceedings was entered or taken." Civ.R. 60(B)(1). Even assuming, however, that appellant had stated a valid claim for relief pursuant to Civ.R. 60(B)(5), such a motion cannot be granted unless it was brought within a "reasonable time." Civ.R. 60(B); Mount Olive Baptist Church v.Pipkins Paints (1979), 64 Ohio App.2d 285, 288.
In this case, it is undisputed that appellant waited four years from the time the judgments were rendered before filing his Civ.R. 60(B) motion. Evidence was presented to the trial court that counsel for Liberty Mutual communicated by letter with appellant within a month of the granting of the default judgments against him, and that appellant asked Liberty Mutual's attorney if he could make payments on the judgment as early as April 1996, one year before the motion to vacate was filed. Accordingly, the record does not support appellant's claim that he was justified in delaying the filing of his motion for four years. See also, Strackv. Pelton (1994), 70 Ohio St.3d 172, 175 (The "reasonable time" period for the filing of a motion pursuant to Civ.R. 60(B)(5) begins to run at the time the judgment is rendered and not, as appellant asserts, when the movant first becomes aware that a judgment has been rendered against him.).
This court has reviewed the entire record of proceedings which was before the trial court and, upon consideration thereof and the law, finds that appellant has failed to establish a meritorious claim for relief pursuant to Civ.R. 60(B), or to timely assert his claims for relief. Accordingly, the trial court did not abuse its discretion by denying appellant's motion to vacate the default judgments pursuant to Civ.R. 60(B)(5), and appellant's assignment of error is not well taken.
On consideration whereof, this court finds further that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] Appellant erroneously argues that Lawhorn was required, pursuant to R.C. 2309.01(D), to amend her complaint to specify the damages sought. In her original complaint, Lawhorn properly demanded a judgment in "whatever amount above" $25,000 to which she was entitled. R.C. 2309.01, which was in effect at the time the complaint was filed, required an amendment of the complaint to specify the amount of damages sought only if the plaintiff had not complied with R.C. 2309.01(B)(2) by not including a demand for "more than twenty-five thousand dollars in damages." R.C.2309.01(D).
[2]
Civ.R. 55(A) states, in relevant part:
 "If, in order to enable the court to enter [default] judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages * * *, the court may conduct such hearings or order such references as it deems necessary and proper * * *."
Ohio courts have determined that a trial court abuses its discretion by not holding a hearing in a default case to determine the amount of unliquidated damages. See Kapel v. Ford Motor Co.
(July 3, 1997), Geauga App. No. 96-G-2028, unreported.