Defendant-appellant Thomas Gannon, et al. ("Gannons"), appeals the jury verdict awarding damages in the amount of $25,000 to plaintiff-appellee Zenaida Caraballo ("plaintiff")
On October 4, 1996, plaintiff filed a complaint alleging the Gannons were negligent in failing to maintain their property by not having a handrail in place on the staircase leading up to her second floor apartment. The Gannons answered the complaint and asserted a third-party complaint against Teodoro Troche ("Troche") Plaintiff amended her complaint to include allegations against Teodoro Troche. Subsequently, the Gannons filed a motion for summary judgment arguing they had no control or possession over the premises, they were not the owners of the premises, and thus could not be held liable for damages resulting from the condition of the premises. The trial court denied this motion stating the Gannons, as owners of the property, were landlords and therefore owed a duty of care to plaintiff because of their lease agreement with Troche. The case proceeded to trial.
Plaintiff testified she moved into the second floor apartment of a duplex located in Cleveland, Ohio, in September 1995. She stated she rented the apartment and subsequently paid rent to Teodoro Troche. She said Troche represented that he was the landlord. After she moved in, plaintiff said the handrail in the stairway leading from the first floor to the second floor was broken. A month later, in November 1995, she informed Troche and Mrs. Gannon about the broken handrail but it was neither replaced nor repaired. Because the handrail was not fixed; plaintiff stated she called the city housing inspector and informed him of the condition of the handrail. She said she made this call in either December 1995 or January 1996. Plaintiff stated on April 11, 1996, at about 8:00 p.m., she was leaving her apartment when she lost her balance while walking down the stairs. She said she reached to grab for something to hold onto but there was no handrail. Plaintiff said she fell down the stairs and broke two bones in her left ankle. She testified she later had to have surgery where a metal plate and two screws were inserted into her ankle.
Mr. Gannon testified he and his wife have their names on the title to the house. He said they are the record owners. He stated he has been to the house to collect rent and fix the furnace. Mr. Gannon testified he also pays the water bill. He said he did not install a handrail, but generally Troche is responsible for all the repairs to the house. He stated he and Troche entered into a lease with an option to buy whereby Troche would own the house at the end of the lease. Gannon testified Troche acts as his agent when it comes to handling repairs and any violations issued by the city inspector. He said he received notice of the eighteen violations issued by the city inspector including the violation for not having a handrail.
Teodoro Troche testified he entered a lease agreement with an option to buy with the Gannons. He said if there was a problem at the house he would call Mr. Gannon and they would fix the problem. He said there was a handrail present when plaintiff moved into the house. Troche testified plaintiff broke the handrail when she moved into the house and he replaced it three weeks later when he received notice it was broken. He said he received notice of the housing violations in March 1996. He stated he did not see plaintiff break the handrail. Troche testified plaintiff moved out in September 1996 and two weeks later he installed a third handrail. He stated there was a handrail in place on the day plaintiff fell down the steps.
The housing inspector testified he inspected the house on May 6, 1996, as a result of a complaint he received on January 1, 1996. He stated he issued eighteen violations, one of which was for not having a handrail in the staircase. He said he did a follow-up inspection on August 23, 1996 and there was still no handrail. The inspector testified he did a second follow-up on September 18, 1996, and again there was no handrail in place. He said he was aware Troche has a lease with an option to buy with the Gannons.
After hearing all the testimony the jury returned a verdict in favor of plaintiff and against the Gannons and Teodoro Troche. The Gannons timely filed a notice of appeal from this verdict and now asserts five assignments of error. In their first assignment of error, they state as follows:
 THE TRIAL COURT ERRED IN FAILING TO GRANT SUMMARY JUDGMENT IN FAVOR OF APPELLANTS THOMAS AND AMALY GANNON.
The Gannons argue the trial court erred in denying their motion for summary judgment because they were not landlords of the premises pursuant to R.C. 5321.04. They maintain despite the fact that they own the premises, Troche is the landlord as the lessor or sublessor according to the lease agreement, and he is liable because he was in control of the premises. In support, they citeShump v. First Continental-Robinwood Associates (1994), 71 Ohio St.3d 414
for the proposition that where a party other than an owner possesses a premises the possessor rather than the owner owes the applicable duty of care to third persons. Thus, they claim it is clear Troche, as possessor, is liable for all damages resulting from plaintiff's fall and the trial court erred in denying their motion for summary judgment.
We need not address the merits of this assignment of error based on the Ohio Supreme Court's holding in Continental InsuranceCompany v. Whittington (1994), 71 Ohio St.3d 150, syllabus. In Continental, the Court held:
 "Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made."
In the present case, The Gannons filed a motion for summary judgment. The trial court denied this motion and the case proceeded to trial. At the conclusion of the trial, the jury rendered a verdict against the Gannons. Based on the reasoning cited above in Continental, the Gannons cannot now complain about the denial of their motion for summary judgment. Accordingly, the Gannons' first assignment of error is overruled.
Gannons' second assignment of error states as follows:
 THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFFS' MOTION FOR A DIRECTED VERDICT.
The Gannons argue there was no evidence presented which establishes they had sufficient possession or control of the premises to negate the common law rule that an owner not in possession of the premises is not liable. They claim, except for the one incident where Mr. Gannon assisted in the repair of the furnace, they had no ability to admit or exclude persons to the premises and no contact with the property. In addition, the Gannons assert plaintiff paid rent to Troche and considered Troche her landlord. Lastly, the Gannons maintain R.C. 5321.01 does not supersede the common law because its definition of landlord states "owner, lessor or sublessor," which is in the disjunctive. And since Troche is the only person plaintiff considered a landlord, he should be held liable for not maintaining the premises.
At trial, the Gannons made an oral motion, for a directed verdict stating:
 Your honor, we would move for a directed verdict on the basis that the plaintiff, while the court has indicated would charge on duty of a landlord over a property to maintain the property in a safe condition, plaintiff is also relying upon an administrative rule which regards to handrails. I believe that rule is entitled the Ohio Administrative Code Chapter 4101.02-1. And it's our position that they failed to meet their burden of proof by proving the existence of such an administrative rule and therefore cannot establish a duty with regard to the
The trial court denied the motion stating "[W]ell, the court after consultation has taken judicial notice of the existence of that rule and it will be accepted."
A review of the argument the Gannons present on appeal regarding their motion for directed verdict, reveals it is not the same argument they raised at trial. At trial, the Gannons' motion for a directed verdict was based on the existence of an administrative rule. On appeal, they argue there is no evidence they were in control of the premises and R.C. 5321 does not supersede the common law. Based on this argument, we cannot address the Gannons' complaints as to their motion for a directed verdict because their argument on appeal is different from the argument presented at trial in their motion for a directed verdict. See Sekora v.General Motors Corporation (1989), 61 Ohio App.3d 105, 112
(reviewing courts will not review arguments not raised at trial) The Gannons' second assignment of error is overruled.
The Gannons' third assignment of error states as follows:
 THE TRIAL COURT ERRED WHEN IT INSTRUCTED THE JURY THAT THE GANNONS WERE NEGLIGENT PER SE.
The Gannons argue the trial court erred in charging the jury they were negligent per se. They claim Troche, as the sublessor, was the plaintiff's landlord according to the definition in R.C.5321.01 which states a landlord is an "owner, lessor or sublessor." Moreover, the Gannons argue the evidence shows Troche was considered the landlord by plaintiff and they had no control and were not in possession of the premises. As a result, they claim the trial court erred in charging the jury that they were negligent per se.
R.C. 5321.04 codifies the applicable obligations of a landlord as follows:
 (A) A landlord who is a party to a rental agreement shall do all of the following:
 (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
 (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
R.C. 5321.04 provides the landlord has a duty to comply with all building and housing codes, to make all repairs, to keep the premises in a fit and habitable condition, and to. keep the common areas safe.
It is well-settled a landlord is liable for injuries sustained on the demised premises that are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04.Shroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, 22, syllabus. The Supreme Court has also held that in an action for personal injuries to a tenant proximately caused by a violation of a landlord's statutory duty under R.C. 5321.04, the landlord is negligent per se. Anderson v. Ceccardi (1983), 6 Ohio St.3d 110.
Generally, this law arises in situations where a tenant or third party is injured on a premises and the injured party sues the landlord who is usually the owner of the premises. However, in the present case the situation is different as there is an owner, a lessor, and a sublessor who is the injured party. The present situation does not occur often when residential property is involved. Rather it is more commonly found when commercial property is involved where the owner leases the property to another or a management company, who then contracts with a sublessor to act as the tenant.
The Gannons complain the trial court erred in instructing the jury they were negligent per se if the jury found they failed to maintain the premises an unfit and unhabitable manner. They claim Troche, as the sublessor, had the duty to maintain the premises because he was responsible for making repairs to the house.
The trial court instructed the jury that both the Gannons and Troche assumed the duties of a landlord. The trial court stated the Gannons "as owners of the property * * * had a duty to maintain * * * the stairwell in [plaintiff's] apartment in a structurally safe condition." Regarding Troche, the trial court stated "as the lessor to [plaintiff, Troche] had the same duty as the Gannons had."
R.C. 5321.01 (B) defines landlord as "the owner, lessor, or sublessor of residential premises, the agent of the owner, lessor, or sublessor, or any person authorized by the owner, lessor, or sublessor to manage the premises or to receive rent from a tenant under a rental agreement."
Under this definition, both the Gannons and Troche qualify as a landlord. Moreover, the testimony is inconclusive as to who had the non-delegable statutory duty to make repairs and keep the premises in a fit and habitable manner. Plaintiff testified Troche represented that he was the landlord and was responsible for repairs. She also said that she informed Mrs. Gannon the railing in the staircase was broken. The city inspector testified he sent the city housing code violation notices to the Gannons. Troche testified he received the rent check from plaintiff but that he and Mr. Cannon did the repairs together. Mr. Cannon testified he only helped Troche with one repair job, the furnace, and Troche was responsible for making the repairs. Mr. Gannon also stated he and his wife are the owners of the property.
Because the Gannons and Troche can be defined as landlords pursuant to R.C. 5321.10 (B) and the evidence is inconclusive as to who had the duty to repair and maintain the premises, we find the trial court did not abuse its discretion by instructing the jury the Cannons were negligent per se if the premises was not properly maintained. Accordingly, the Cannons' third assignment of error is overruled.
The Cannons' fourth assignment of error states as follows:
 THE TRIAL COURT ERRED WHEN IT INSTRUCTED THE JURY THAT TEODORE TROCHE'S KNOWLEDGE MUST BE IMPUTED TO THE CANNONS.
The Gannons argue the trial court improperly instructed the jury that Troche's knowledge should be imputed to them. They claim they were not the landlords and even if they were there is no authority which holds notice to a sublessor constitutes notice to the landlord under R.C. 5321. Moreover, the Gannons contend there was no evidence presented at trial which established they had notice of the alleged missing handrail.
The Ohio Supreme Court has set forth a landlord's liability under R.C. 5321.04, stating that "a landlord is liable for injuries, sustained on the demised residential premises, which are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04." Shroades, supra, 68 Ohio St.2d at 25. R.C. 5321.04 is part of the Landlords and Tenants Act of 1974, which changed the common-law liability between landlords and tenants of residential premises, and was enacted to provide the tenant with greater rights and to negate the previous common-law tort immunities for landlords. A landlord's violation of the statutory duty is negligence per se. Shroades, supra. However, before the landlord becomes liable, proximate cause for the injuries sustained must be established. Patton v. Pennsylvania PR. Co. (1939), 136 Ohio St. 159. "Also, it must be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord." Shroades, 68 Ohio St.2d at 26. Thus, in construing a landlord's liability under the Ohio Revised Code, the Supreme Court has imposed a notice requirement.
As stated in the previous assignment of error, the Gannons had the duties and responsibilities of a landlord to maintain the premises where plaintiff lived. Therefore, their argument that Troche's knowledge should not be imputed to the.m is irrelevant because they are in the same position as Troche regarding having a duty to maintain the premises. As a result, the question before us is whether the Gannons, as landlords received notice.
Plaintiff testified she informed Mrs. Gannon that the handrail in the staircase was broken. She also testified she called the city housing inspector and lodged a complaint about the conditions of the house which included the broken handrail. The city housing inspector testified he received the complaint on January 10, 1996.
Based on the above testimony, we find the Gannons received notice of the missing handrail. We also find that plaintiff made reasonable efforts to put the Gannons on notice as to the missing handrail by her actually informing Mrs. Gannon about the handrail and complaining to the city inspector about the handrail. Accordingly, we find the Gannons were put on notice as to the broken handrail and the trial court properly instructed the jury. The Gannons' fourth assignment of error is overruled.
In their fifth assignment of error the Gannons state as follows:
THE TRIAL COURT ERRED IN FAILING TO GRANT A MISTRIAL.
The Gannons argues the trial court erred in failing to grant a mistrial based on the reference to home insurance made by plaintiff's counsel during cross-examination of Mr. Gannon. The specific question the Gannons' complain about states "In addition to the bills going to your address, you maintained insurance with regard to the property, correct?" Defense counsel immediately objected and made a motion for mistrial based on a violation of Evid.R. 411 which holds evidence a person is insured is inadmissible when negligence is an issue. The Gannons' claim they never disputed they were the titleholders to the premises thus the only reason for the mention of insurance was to inflame the jury. Therefore, they claim the trial court erred in not granting their motion for a mistrial.
Generally, Evid.R. 411 states that evidence that a person was insured against liability is not admissible upon the issue of whether he acted negligently. However, the rule also provides an exception to the general rule. That is, the rule permits the admission of evidence of liability insurance "when offered for another purpose, such as proof of agency, ownership or control, if controverted, or bias or prejudice of a witness."
The Gannons argument is without merit. The Gannons have complained throughout this entire appeal that they are not the landlords because they did not have control or possession of the premises. However, in this assignment of error they change their tactics and argue Evid.R. 411 applies but the exception as to control does not because they "never disputed that they were the legal title holders." This argument is a farce. In their motion for summary judgment, in the transcript of the trial, and in this appeal the Gannons argue they were not in control of the premises. Accordingly, the trial court did not abuse its discretion in denying the Gannons' motion for a mistrial as control was an issue and Evid.R. 411 is inapplicable. The Gannons's fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL. P.J.,
MICHAEL J. CORRIQAN. J. CONCUR.
JUDGE, JOHN T. PATTON
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (1)