DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gaetano Mattioli Cicchini, appeals from the judgment of the Stark County Court of Common Pleas, which entered judgment in favor of Appellee, Mary Ann Galmish. We affirm.
 I. {¶ 2} This appeal arises from Ms. Galmish's filing of certificates of judgment lien on certain real property owned by Mr. Cicchini, pursuant to a judgment rendered on August 26, 1997 in her favor by the Stark County Court of Common Pleas in a prior action.[1] In this judgment, the court journalized the jury verdict in Ms. Galmish's favor, which awarded her $492,000.00 in compensatory damages, $1,000,000.00 in punitive damages, and undetermined attorney fees. Thereafter, Ms. Galmish filed a motion for pre-judgment interest. Pursuant to a hearing on this motion, on October 15, 1997, the court issued a judgment entry that awarded Ms. Galmish pre-judgment interest on the compensatory damages.
 {¶ 3} On October 20, 1997, the court issued another judgment entry, awarding attorney fees equal to one-third of the total jury verdict, including compensatory and punitive damages, and applicable interest. Upon motion of Ms. Galmish for a judgment entry, the court issued another entry, awarding attorney fees in the amount of $643,091.14.
 {¶ 4} On October 22, 1997, Ms. Galmish filed a certificate of judgment for lien that listed judgment in the amount of $1,492,000.00 with interest at the rate of ten percent per annum. This first certificate referenced the case number of the prior action. On December 3, 1997, Ms. Galmish filed a second certificate, which specified the attorney fee amount of $643,091.14. This second certificate also listed this same case number. Over two and one-half years passed since the filing of this second certificate, and Mr. Cicchini had failed to make a payment.
 {¶ 5} On September 2, 2000, Ms. Galmish filed a third certificate. The third certificate referenced the case number of the prior action, and listed $583.16 in costs. Additionally, a footnote on the certificate listed the amounts "$492,000 plus ten percent (10%) interest[,]" representing the compensatory damages, and "$1,000,000.00 plus attorney fees and ten percent (10%) interest[.]" Mr. Cicchini made his first payment on December 22, 2000, and made six separate payments thereafter.
 {¶ 6} Thereafter, Mr. Cicchini entered into agreements to sell the real property subject to the lien, but he could not proceed with the closing because the liens were not yet released. On January 5, 2002, Mr. Cicchini filed a complaint in the common pleas court that asserts claims for slander of title and quiet title, and seeks declaratory judgment that the certificates are invalid in whole or in part, as well as an injunction to halt Ms. Galmish's execution of the judgment liens. On August 14, 2002, pursuant to a status conference, the court issued an order that required the parties to submit uncontested facts and stipulations, briefs, and responses. In this order, the court noted that "by agreement of the parties, the [c]ourt will decide [the] issues based upon [the] briefs[.]"
 {¶ 7} Pursuant to this order, Ms. Galmish filed a brief on the issues raised.[2] On September 30, 2002, Mr. Cicchini filed a partial motion for summary judgment, which sought judgment on both his quiet title claim and request for declaratory judgment. On October 21, 2002, Ms. Galmish filed a response in opposition to Mr. Cicchini's motion for partial summary judgment.
 {¶ 8} In a judgment entry dated February 19, 2003, the trial court entered judgment in favor of Ms. Galmish. Specifically, the court found the following:
"(1) The remaining balance owed by [Mr.] Cicchini to [Ms.] Galmish on the judgment is $51,353.49, plus $14.07 per day until paid in full;
"(2) All judgment liens relating to Case No. 1995CV00915 shall be released upon full payment of the judgment;
"(3) [Mr.] Cicchini's motion for partial summary judgment is hereby OVERRULED; and,
"(4) Based upon the Court's decision herein, [Ms. Galmish's] motion for summary judgment on the basis of statute of limitations, res judicata, and collateral estoppel are [sic.]MOOT."
 {¶ 9} It is from this decision entering judgment in Ms. Galmish's favor that Mr. Cicchini now appeals.
 {¶ 10} Mr. Cicchini timely appealed,[3] asserting four assignments of error for review.[4] We address the first and second assignments of error together, for ease of review.
 II. A. First Assignment of Error
"The trial court erred by denying appellants' [sic.] motion for partial summary judgment against appellee where it is clear that the first certificate had been fully paid."
 Second Assignment of Error
"The trial court erred by denying appellants' [sic.] motion for partial summary judgment against appellee where it is clear that the third certificate duplicated the fully paid first certificate."
 {¶ 11} In his first and second assignments of error, Mr. Cicchini contends that the trial court erred when it denied his motion for partial summary judgment. Specifically, Mr. Cicchini avers that (1) the first certificate had been fully paid, and that the court should have deemed this judgment lien released, and (2) the third certificate "duplicated" the first certificate that he alleges has been fully paid. Mr. Cicchini's averments lack merit.
 {¶ 12} An appellate court reviews a denial or grant of summary judgment de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id.
 {¶ 13} Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but must instead point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Id. See, also, Henkle v. Henkle (1991), 75 Ohio App.3d 732,735. In its review of a granting of summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs., Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208.
 {¶ 14} In this case, the trial court found that the single debt arising from the prior action, which happened to be represented by three separate certificates, was not yet extinguished. The Supreme Court of Ohio has noted that a cause of action exists "when the debt secured has been paid in full or tendered or all other legal conditions have been fulfilled, and plaintiff is entitled to the release or satisfaction demanded or refused." Cotofan v. Steiner (1959), 170 Ohio St. 163, 165-166. Thus, Mr. Cicchini's averment, that the first certificate should have been released, is contrary to law, and it would have been improper for the trial court to release any of the certificates of judgment lien arising from this debt.
 {¶ 15} Mr. Cicchini also argues that the third certificate "duplicates" the first certificate in this case. We observe, however, that the third certificate actually lists a monetary amount for costs, which is not listed on the first certificate. Furthermore, we agree with the trial court's reasoning regarding the claimed "duplicative" nature of the certificates:
"While the third [certificate] * * * appears duplicative of the lien filed on October 22, 1997, it does state the interest as to the judgment with more specificity. Additionally, each of the judgment liens reference Case No. 1995CV00915 as the underlying basis for the lien. There is one total amount owed on the judgment[.] * * * Additionally, * * * the balance owed on the debt * * * is a matter of public record, capable of determination by anyone who requires the information."
 {¶ 16} Based upon the foregoing, we find that the trial court properly found in this case that Mr. Cicchini was not entitled to a release of the judgment liens until the single judgment was paid in full, since a balance remains on the debt. Thus, we conclude that Mr. Cicchini was not entitled to judgment as a matter of law, and that the trial court did not err when it granted judgment in Ms. Galmish's favor. See Temple,50 Ohio St.2d at 327. Accordingly, Mr. Cicchini's first and second assignments of error are overruled.
 B. Third Assignment of Error
"The trial court by granting [sic.] judgment in favor of appellee where there was a dispute of fact as to whether the second certificate of lien had been fully paid."
 {¶ 17} In his third assignment of error, Mr. Cicchini contends that a genuine issue of fact remains as to whether the second certificate had been fully paid. Mr. Cicchini's contention lacks merit.
 {¶ 18} Mr. Cicchini's argument, that an issue of fact remains, is puzzling. At no point during the proceedings before the trial court did Mr. Cicchini contest the issue of whether this second certificate was paid in full. In fact, Mr. Cicchini consistently insisted that this second certificate be released, maintaining that all of [his] obligations * * * to [Ms.] Galmish had been fully paid." Generally, an issue that could have been raised in the trial court, but was not, cannot be considered for the first time on appeal, and is waived. See Sekora v. GeneralMotors Corp. (1989), 61 Ohio App.3d 105, 112. More significantly, the parties had filed uncontested facts and stipulations with the trial court, and agreed to submit the case to the trial court for determination based upon these uncontested facts, stipulations, and briefs. Mr. Cicchini's third assignment of error is overruled.
 C. Fourth Assignment of Error
"The trial court by granting [sic.] judgment in favor of appellee where appellee failed to present a counterclaim for a judgment in her favor."
 {¶ 19} In his fourth assignment of error, Mr. Cicchini avers that the trial court improperly granted judgment in Ms. Galmish's favor, because Ms. Galmish's "claim" for unpaid amounts based upon the judgment liens in this case was not properly pled by Ms. Galmish before the trial court. Specifically, Mr. Cicchini argues that this "claim" should be considered a compulsory counterclaim, and that per Civ.R. 13 Ms. Galmish was required but failed to raise this claim for unpaid amounts in the form of a counterclaim. Mr. Cicchini's argument lacks merit.
 {¶ 20} As noted above, the amount that Mr. Cicchini was ordered to pay on the underlying action, and the monetary balance remaining on the liens that Mr. Cicchini is still required to pay, arise not from the judgment from which Mr. Cicchini currently appeals, but from the trial court's previous order on the prior action. As such, Ms. Galmish had already obtained a judgment ordering the payment of this money already existed. Additionally, Civ.R. 13 provides that a party is not required to state a compulsory counterclaim if, at the time the action was commenced, this claim was the subject of another pending action. Civ.R. 13(A)(1). Therefore, we fail to see how Ms. Galmish was required to file a claim for this amount previously adjudged to be owed by Mr. Cicchini. Accordingly, Mr. Cicchini's fourth assignment of error is overruled.
 III. {¶ 21} Mr. Cicchini's first, second, third, and fourth assignments of error are overruled. The judgment of the Stark County Court of Common Pleas is affirmed.[5]
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Stark, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Baird, P.J., Slaby, J. Concur
[1] Galmish v. Cicchini (Aug. 26, 1997), Stark C.P. Case No. 1995CV00915. In September 1997, Mr. Cicchini appealed this judgment from the prior action to the Fifth District Court of Appeals, and the court vacated the trial court judgment. This case was later transferred to this Court, and we reversed the trial court judgment and verdict. Pursuant to an appeal, the Supreme Court reinstated the trial court judgment. Thereafter, the trial court held proceedings regarding, inter alia, the determination of attorney fees, and issued a ruling in July 2001. Both parties appealed from this ruling, and both appeals were dismissed. Mr. Cicchini again attempted to appeal to the Ohio Supreme Court, and the Supreme Court dismissed this appeal.
[2] The judgment from which Mr. Cicchini appeals reveals that the court construed this brief as a motion for summary judgment.
[3] This case was transferred to this Court from the Fifth District Court of Appeals.
[4] Mr. Cicchini has also filed motion to dismiss the appeal for lack of a final appealable order. Ms. Galmish has not responded to the motion. The motion is denied.
[5] In her brief on appeal, Ms. Galmish requests that this Court charge Mr. Cicchini with payment of Ms. Galmish's attorney fees and costs, pursuant to App.R. 23. Ms. Galmish avers that this appeal instituted by Mr. Cicchini is a frivolous appeal. We cannot necessarily conclude that Mr. Cicchini's appeal did not present reasonable questions for review, and thus find that this appeal was not frivolous.